Caroline A. Steller v. Henry Steller.

*Order for payment of alimony: Contempt: Imprisonment: Constitutional law.*
Under the provision of our constitution (*Art. VI. § 33*), inhibiting imprisonment for debt, a defendant in a divorce cause cannot be imprisoned, except as for contempt, for failing to comply with an order directing him to pay over to the complainant a sum of money awarded as temporary alimony, and for expenses of the suit.

*Statute construed: Order for payment of money: Contempt.* Before a party can be imprisoned under the statute (*Comp. L. 1857, § 4077*), providing for the punishment of a party refusing to obey an order " for the payment of costs, or any other sum of money," he should have an opportunity to be heard. The ordinary course of proceedings for the punishment of contempt should be followed.

*Heard May 14. Decided May 17.*

Appeal in Chancery from Wayne Circuit.

*Browse T. Prentis,* for complainant.

*Ward & Palmer,* for defendant.

COOLEY, J.

The defendant appeals from an order of the Wayne circuit court in chancery, directing that he be committed to jail for not paying moneys ordered to be paid to complainant, by way of temporary alimony and expenses in a divorce suit. The papers on which the order of commitment was made, consist solely of affidavits showing that the order for the payment of the moneys was served upon him, and that payment was demanded, and has not been made. The defendant insists that the constitutional provision inhibiting imprisonment for ·debt exempts him in this case; and if this is otherwise held, he claims to be liable to the commitment by way of punishment only; and that he is entitled first to show cause against it. On the

other hand, the complainant relies upon the statute (*Comp. L.*, § 4077), as justifying the proceedings which have been had.

Whatever may have been the proper construction of this statute, we are clear that, with imprisonment for debt forbidden, a party cannot be imprisoned for non-compliance with such an order, except on the ground of contempt of the authority of the court. There must be in the case something of wrong beyond the mere failure to pay money; and the party, before he can be convicted and punished for it, must have an opportunity to be heard in his own exculpation. Here the party is ordered into confinement on papers he is not allowed to answer, though it could not be known that he might not effectually disprove all charges against him, if suffered to do so. It is possible he might be able to show that the first order was never served upon him, or that no demand of payment was made, or, if made, was complied with; or, failing in these, his inability to pay may be so absolute as to constitute a most effectual excuse. It is contrary to the first principles of right to proceed to the punishment of a party upon a mere *ex parte* showing. The case should have taken the ordinary course of proceedings for the punishment of contempts; giving the party an opportunity to present what he had to say in his own justification.

Various other irregularities are complained of in the case, upon which no opinion is expressed. The order of commitment must be vacated.

The other Justices concurred.