## *Ex parte* MURRAY.

### (*District Court, S. D. Alabama.* July 12, 1888.)

1. ARREST—PRIVILEGE—CUSTOM OFFICER.
   A custom officer of the United States is not exempt from arrest under civil process from a state court, by Rev. St. U. S. § 5447, which prohibits any person from forcibly assaulting, resisting, opposing, preventing, impeding, or interfering with any officer of the customs, such arrest not being made with that intent.

2. CONSTITUTIONAL LAW—DUE PROCESS OF LAW—ALIMONY.
   Code Ala. 1886, § 3601, which provides that on an affidavit being filed with the register by the party entitled to have such act done, stating that a decree of the court has not been performed, the register must issue an attachment against the delinquent party, upon which he may be arrested, does not violate the provision of the constitution of the United States that no person shall be deprived of his liberty without due process of law; and a person is not entitled to a discharge on a *habeas corpus* who has been arrested under said section because he failed to pay alimony decreed in a suit in which he appeared and defended.[1]

Petition for a Writ of *Habeas Corpus*.

Upon bill of Catherine Murray against her husband, John Murray, a custom officer of the United States, alleging abandonment, and praying alimony and support, a decree was rendered by the state chancery court at Mobile, June 18, 1887, allowing her a certain sum of money monthly until further order. The order not being complied with, complainant's solicitor made affidavit under Code Ala. 1886, § 3601, which provides that, upon an affidavit being filed with the register by the party entitled to have such act done or his solicitor, stating that the decree of the court has not been performed, the register must issue an attachment against the delinquent party, upon which he may be arrested and committed to jail until he performs such act, or is discharged by special order of the chancellor extending the time for performance, and obtained an order of attachment, which was executed by the sheriff of Mobile county, Dick Roper, by the arrest of said John Murray. Murray, under Rev. St. U. S. § 753, which provides that the writ of *habeas corpus* shall extend to a prisoner in jail or custody in violation of the constitution or of a law of the United States, sues out this writ of *habeas corpus* before Hon. H. T. TOULMIN, United States district judge, alleging that he is imprisoned in violation of Rev. St. U. S. § 5447, which provides that every person who forcibly assaults, resists, opposes, prevents, impedes, or interferes with any officer of the customs, or his deputy, or any person assisting him in the execution of his duties, shall be fined not less than $100, nor more than $2,000, or be imprisoned not less than one month nor more than one year, or both, and also alleging that he was imprisoned and "without due process of law."

*Pillans, Torrey & Hanaw,* for relator.

[1] Respecting the constitutional guaranty of due process of law, and statutes in violation thereof, see Hutson v. Protection Dist., (Cal.) 16 Pac. Rep. 549, and note; Ex parte Kinnebrew, 35 Fed. Rep. 52, and cases cited in note.

*G. L. & H. T. Smith*, for Catherine Murray.
*Hamilton & Gaillard*, for Roper.

TOULMIN, J. My opinion is that I could grant the writ only where a specific United States law is violated; and I do not think the case made by the petitioner comes under section 5447 of the Revised Statutes. My opinion is that that section applies to a case of active forcible interference by a person with a customs or revenue officer, or with one assisting such officer, in the performance of his duty as such, and the interference must be with the intent to impede or prevent the performance of the duty; in other words, that, to convict a person under that section, there must have been an intent to resist such officer, or to impede or interfere with him in the performance of his duty. Such is not the case with the sheriff here. He was acting under legal process,—at least process which issued from a court, and regular on its face. He could not, under the circumstances, be convicted of violating the law in question. But it is urged that public policy forbids the arrest of an officer of the United States, while in the performance of his duty as such, under any civil process. This is true; and, if such a case was presented, the federal court, in its discretion, could release the person arrested. I do not understand the principle to be that no employe of the United States is subject to arrest under civil process, but that no person in the employ of the United States should be subject to such arrest while in the performance of his service. That I do not consider this case. I think it would be an unwarranted stretch of the meaning of the statute referred to, and of the principle stated, to apply it to this case. "Due process of law" means "in the due course of legal proceedings, according to the rules and forms which have been established for the protection of private rights." "Due process of law implies the right of the person affected thereby to be present before the tribunal which pronounces judgment upon the question of his life, liberty, or property, and to have the right of controverting every material fact which bears on the question of right in the matter involved." One mode of enforcing the decree of the court under which the writ of attachment here complained of issued, is by process of attachment against the petitioner, the party against whom the decree was rendered. Another mode is by process of sequestration against his property. This was the law when the proceedings in which the decree was rendered were had, and the petitioner knew it. The petitioner was a party to such proceedings, was present in court, had his day, and controverted the right of the complainant in said proceedings to have the decree which was obtained. The court pronounced judgment against petitioner, the effect of which was to involve his property and his liberty; for the statute of Alabama provided that such decree might be enforced by process of attachment against the defendant therein, and by process of sequestration against his property, as well as by execution. If, then, his property is taken or his liberty restrained under this decree, is it not in the due course of legal proceedings, according to those rules and forms which have been established for the pro-

tection of private rights? It seems so to me. No person shall be deprived of his property, any more than of his liberty, without due process of law. Now, suppose an execution should be issued on the decree, and should be levied by the sheriff on the property of the petitioner, and it is so sold by the sheriff. The petitioner would certainly be deprived of his property. Could he justly complain that he had been deprived of his property without due process of law? Where is the difference? One of the modes of enforcing the decree in question is, as I have said, by process of attachment of the person, and this was originally the only remedy for the enforcement of decrees of courts of equity. This mode was adopted by the complainant against petitioner, and I am unable to perceive how the petitioner is deprived of his constitutional rights any more by the one process than by the other. And it will hardly be contended that the decree could not be enforced by the levy of an execution on or by the sequestration of his property. However that may be, the conclusion I have reached, after fair consideration, is that the petitioner is not imprisoned without due process of law; and that section 3601 of the Code of Alabama is not in violation of the constitution of the United States. As an independent proposition, I would have been inclined to hold that a decree for alimony, such as was rendered in the case of *Murray* v. *Murray*, was a moneyed decree, and that section 3601 of the Code of Alabama did not authorize the issue of the writ of attachment in such case. But the supreme court of Alabama have decided differently. They hold, in effect, that a decree for alimony is not a moneyed decree, but that it is a decree to enforce the performance of a duty, the non-performance of which is a wrong, *quasi* criminal; that it arises *ex delicto;* and that the writ of attachment is an appropriate mode of enforcing such decree. Indeed, they so decided in the identical case of *Murray* v. *Murray*, 4 South. Rep. 239. I have neither the authority nor disposition to review that decision.

My opinion is that no law or constitutional provision of the United States is violated by the arrest and imprisonment of the petitioner. I therefore have no authority to discharge him, and his petition is denied.