ORSLAND v. WAYNE CIRCUIT JUDGE.

JUDGMENT—REFUSAL TO ENTER—MANDAMUS.

Where relator, though entitled to a judgment which would determine the particular suit, was not entitled on the record to a judgment finally determining the matters in controversy, which was the judgment denied, mandamus will not be granted to compel the entry of a judgment determining the suit, not shown to have been applied for.

Mandamus by Hallock Orsland to compel Joseph W. Donovan, circuit judge of Wayne county, to enter a final judgment. Submitted November 15, 1904. (Calendar No. 20,790.) Writ denied December 7, 1904.

*Lord & O'Connor*, for relator.

*Bowen, Douglas, Whiting & Murfin*, for respondent.

PER CURIAM. Relator obtained judgment by default in the Wayne circuit court upon suit commenced by filing declaration against one Sarah A. Harris. Upon motion of attorneys of said Harris, respondent set aside the default and judgment and the alleged service upon the ground that "no service of process was ever had, and no proof of service of process ever filed." Respondent subsequently refused to

permit relator to amend his return of service, and still later denied relator's motion to enter final judgment. We are asked to issue a mandamus compelling respondent to enter such judgment.

Relator was not entitled, on this record, to a judgment which finally determined the matters in controversy. He was entitled, however, to a judgment which determined the particular suit. And this may properly be called a final judgment. See *In the Matter of Hicks*, 20 Mich. 129; 2 Burrill's Prac. 132. We do not think, however, that relator made it clear to respondent that this was the kind of final judgment he desired. It appears from respondent's return that he denied relator's application because, as the record stood, he was not entitled to a judgment on the merits, and we infer that he supposed that relator asked for such a judgment. Under these circumstances, it would not be proper to compel respondent, by a writ of mandamus, to enter judgment in the form in which relator is entitled to have it. When relator makes his wishes clearly known, it is not to be presumed that his right will be denied by respondent.

The mandamus applied for is denied, but no costs will be awarded.