DWYER *v.* WAYNE CIRCUIT JUDGE.

DIVORCE—MANDAMUS—ALIMONY, NONPAYMENT OF—ATTACHMENT—RIGHT TO WRIT.

There is no showing of a clear right to have an order for an attachment against a divorced husband for the nonpayment of alimony so as to authorize the issuance of a writ of mandamus against the circuit judge to review the denial of a motion to set aside an order denying such writ of attachment where the amended decree which forms the basis for an order, was filed in a prior dismissed case between the same parties by mistake, and, after the filing of the petition for attachment, an order

for the correction of the record is made in the second case, and relator fails to renew her application for an attachment based upon the amended record.

Mandamus by Rita M. Dwyer to compel Henry A. Mandell, circuit judge of Wayne county, to set aside an order denying a writ of attachment. Submitted May 17, 1917. (Calendar No. 27,703.) Write denied July 26, 1917.

*McHugh & Lee,* for plaintiff.

*Chamberlain, Denby, Webster & Kennedy,* for defendant.

PER CURIAM. On December 22, 1915, the relator filed a bill for divorce against her husband, Timothy Dwyer, Jr., in the Wayne circuit court in chancery, that cause being known as No. 52,762. The defendant, who was duly served with a subpœna, had his appearance entered by his counsel, and thereafter a reconciliation was effected and, upon filing a stipulation by counsel for the respective parties for a discontinuance of the cause, the cause was ordered discontinued. On May 26, 1916, the relator again filed a bill for divorce against her husband, that cause being numbered 54,584, in the Wayne circuit court in chancery. A chancery subpœna and injunction issued, and on the 1st day of June, 1916, a chancery summons, injunction, and copy of the bill of complaint, containing a prayer for temporary and permanent alimony, together with the petition and notice of hearing on the temporary alimony, were personally served on the defendant. The hearing on the application for temporary alimony was duly had before one of the circuit court judges for Wayne county, and an order for temporary alimony and a solicitor's fee was made. The defendant's appearance was never formally entered in the second case, and an order *pro confesso* was filed, and

the order entered in the regular manner.  On September 19, 1916, the case was heard, and a decree entered granting the divorce and providing for the payment of alimony.  It appearing that this decree did not agree with the findings of the judge who heard the case, an amended decree was prepared, which was also signed and filed, but inadvertently in the first case, No. 52,762, instead of case No. 54,584.  This was the state of the proceedings on November 3, 1916, when the relator caused a petition for an attachment to be presented to the respondent, then the presiding judge in the chancery division of the Wayne circuit court, together with a proposed order for the attachment. The respondent refused to sign or make an order for the issuance of an attachment, but suggested that he would make an order requiring the defendant to appear before him and show cause why he should not be punished for contempt for a failure to obey the said decree.  Relator's counsel thereupon made a motion to set aside his order denying the writ of attachment. This motion was denied, and mandamus is now sought to review this ruling.

The relator bases her right to the relief sought upon Act No. 379 of the Public Acts of 1913 (3 Comp. Laws 1915, § 11443), which is entitled:

"An act to facilitate the collection of temporary and permanent alimony ordered to be paid in suits for divorce."

The respondent in his return states the following:

"(7) Respondent respectfully shows unto the court that the proceedings in said Wayne circuit case No. 54,584 have been enrolled and contains a decree that is not the decree used as the basis for these proceedings.

"(8) Respondent shows that in the former proceedings between the parties to the divorce cause, being Wayne circuit court case No. 52,762, which was ended by an order of dismissal based on stipulation, an affi-

197—Mich.—25.

davit was filed on October 24, 1916, more than 30 days after the decree had been entered in case No. 54,584, in which Charles P. O'Neil, affiant, alleges that the wrong decree had erroneously been entered in said cause 52,762, and asking the court, Judge Collingwood presiding, to sign and enter an amended decree, a copy of said affidavit is hereto attached, marked 'Exhibit A,' and thereafter a decree was signed and entered in said cause 52,762. It is this decree that it is now sought to be used as a basis for the issuance of an attachment in cause No. 54,584."

After counsel for the relator received a copy of the respondent's answer and noticed the erroneous indorsement upon the amended decree, a motion for correction of the erroneous entry was made, and on January 18, 1917, an order correcting that entry was made by the circuit judge presiding in the chancery division of the Wayne circuit court.

The respondent, among other reasons, defends his refusal to sign the order for an attachment upon the ground that the amended decree of October 24, 1916, has not been entered in cause No. 54,584. The question of whether the relator was entitled to an order for an attachment upon the application of November 3, 1916, assuming that Act No. 379 of the Public Acts of 1913 is valid and should be construed as claimed by relator's counsel, must be determined, it seems to us clearly, upon the record in cause No. 54,584 as it then stood and the showing made by the relator on her application for the attachment. It appears upon the face of the petition for the attachment that the application was not based upon the decree actually signed and filed in the cause in which the application was made, for the application demands various items not included in that decree and on the whole a much larger amount. In a carefully prepared brief for the respondent counsel contend that the said Act No. 379 of the Public Acts of 1913 is repealed by the judicature act, because the legislature in that act substantially

re-enacted all the provisions of chapter 301 of the Compiled Laws of 1897, as amended by Act No. 230 of the Public Acts of 1899, relative to attachments for contempt for nonpayment of alimony in suits for divorce, and enlarged it also to include alimony awarded in suits for separate maintenance. See judicature act (Act No. 314, Pub. Acts 1915), chap. 5, § 1, subd. 5, and § 4 (3 Comp. Laws 1915, §§ 12268, 12271). It is claimed that Act No. 379 of the Public Acts of 1913, if valid, must have operated as a repeal *pro tanto* of chapter 301 of the Compiled Laws of 1897 as amended by Act No. 230 of the Public Acts of 1899. It is also urged that Act No. 379, so far as its provisions attempt to authorize the arbitrary arrest and detention of an alleged delinquent, without any previous notice, demand, or opportunity to be heard, upon a mere showing that payment has not been made, is unconstitutional. See *Steller* v. *Steller*, 25 Mich. 159.

However, in view of the elementary rule that the writ of mandamus will not be awarded unless the relator shows a clear right to have done the thing sought to be compelled by the writ, we do not find it necessary to pass upon these questions. Clearly, upon the record here made, the relator was not entitled to the order applied for on November 3, 1916. See *Orsland* v. *Wayne Circuit Judge*, 138 Mich. 395 (101 N. W. 552). If relator desired to take any benefit of the order of January 18, 1917, she should have renewed her application for an attachment upon the record as it stood after the entry of that order. The writ must be denied, but without costs to either party.