**LEWIN v. UNITED STATES.**

No. 2702.

Circuit Court of Appeals, First Circuit.

Jan. 3, 1933.

Essex S. Abbott, of Boston, Mass. (Joseph V. Carroll, of Boston, Mass., on the brief), for appellant.

Haven Parker, Asst. U. S. Atty., of Boston, Mass. (Frederick H. Tarr, U. S. Atty. of Boston, Mass., on the brief), for the United States.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

MORTON, Circuit Judge.

This is an indictment for forcibly interfering with members of the United States Coast Guard in the execution of their duties, by causing a boat which was being chased by a Coast Guard cutter to emit a screen of smoke and gases, whereby the vision and health of certain members of the cutter's crew were interfered with. 18 USCA § 121.

It is not now contended by the defendant that members of the Coast Guard are not within the protection of this statute. Maul v. United States, 274 U. S. 501, 510, 47 S. Ct. 735, 71 L. Ed. 1171. The principal question is whether the evidence warranted a conviction. The government's evidence tended to show that during the night of September 4–5, 1931, the cutter sighted the Lassgehn, a high-powered motor boat, running without lights. The cutter gave chase, and during the chase the Lassgehn emitted a dense smoke screen. Kelly, a member of the Coast Guard who was steering the cutter, breathed this smoke screen and was made ill by it. It was sharply in dispute whether warning shots were fired by the cutter as required by statute. 14 USCA § 68. At some time during the chase, which lasted about fifteen minutes and resulted in the capture of the Lassgehn, the cutter fired upon her, killing one of her crew. The appellant appears to have been the engineer of the Lassgehn, and to have put in action her apparatus for making the smoke screen.

It is argued on his behalf that the statute covers only forcible interference, and that the smoke screen, which was only an obscuring device, did not amount to "forcible in-

terference." Ex parte Murray (D. C.) 35 F. 496; Bray v. United States (C. C. A.) 289 F. 329, at page 331. We agree that the statute contemplates opposition to, or interference with, the officers by the use of force, that it does not apply to escape by stealth, and that, if the smoke screen had no effect except to obscure the Lassgehn, no crime would be committed under it. According to the government's evidence, however, the effect of the smoke screen when breathed was to make the helmsman of the cutter sufficiently ill to incapacitate him from performing his duties. We have no doubt that this was a violation of the statute, without regard to whether that result was or was not intended. Force may be chemical as well as physical; poison gas may be as deadly as a bullet. Anything which interferes with the physical ability of officers of the law is within the scope of this statute.

The defendant contended that Kelly's illness was a mere pretence—a smoke screen to divert attention from the unfortunate killing of the man on the Lassgehn. The trial judge took no such view of the evidence. He submitted the point to the jury with a strong intimation of his opinion about it. They were, however, clearly and strongly cautioned not to accept his views about facts unless they agreed with him. If he thought the defendant's contention plainly unmeritorious, he was certainly within his right, and probably within his duty, in saying so.

We do not perceive that the statute requiring signal warnings before opening fire has any application to the present case. Even if disregarded by the cutter, it would not authorize the defendant to put out the smoke screen. For violation of it, officers of the law are liable to disciplinary punishment which, we may add, ought, in the public interest and for the good of the service, to be rigidly administered. It is perfectly clear that the defendant knew his boat was being chased, and that he used the smoke-making apparatus in an effort to help her to escape. Whether the ruling as to the burden of proof under this statute was right or wrong is immaterial; and no opinion is expressed upon it.

The other assignments of error have been examined. They seem to us not well founded nor to require discussion.

The judgment of the District Court is affirmed.