40 So.2d 716

### Ex parte STEPHENSON.

### 4 Div. 483.

Supreme Court of Alabama.
May 26, 1949.

C. B. Fuller, of Andalusia, for petitioners.

Murphy & Cook, of Andalusia, amici curiae.

E. O. Baldwin, of Andalusia, opposed.

LAWSON, Justice.

It appears from the opinion of the Court of Appeals here under review that G. W. Stephenson was arrested and incarcerated by the sheriff of Covington County under an attachment issued by the register of the circuit court of Covington County, in equity; that such action was taken by the register under the terms and provisions of § 330, Title 7, Code 1940, after the attorney for Stephenson's wife filed with the register an affidavit which, in effect, charged that Stephenson was delinquent in the payment of alimony; that Stephenson filed a petition in the probate court of Covington County asking that a writ of habeas corpus be issued and that upon the hearing he be discharged from custody. On the hearing of the cause the relief sought by Stephenson was denied.

Stephenson appealed to the Court of Appeals, which court reversed the judgment of the trial court and rendered a judgment discharging Stephenson from custody.

The Court of Appeals gave no consideration to the question as to whether or not the petition for writ of habeas corpus was filed properly in the probate court. Its action in ordering that Stephenson be discharged from custody was based solely on the holding that the attachment under which he was arrested and incarcerated was void. This court, according to the rule adopted upon the creation of the Court of

Appeals and followed since, will not undertake to review questions not decided by that court. Pool v. Hart, 222 Ala. 232, 132 So. 59.

So the only question for our determination is whether the Court of Appeals was correct in holding, in effect, that § 330, Title 7, Code 1940, has no application to instances where a husband has failed to make alimony payments as decreed.

Section 330, Title 7, Code 1940, reads as follows:

"Upon an affidavit being filed with the register by the party entitled to have such act done, his agent, or solicitor, stating that the decree of the court has not been performed, the register must issue an attachment against the delinquent party, upon which he may be arrested and committed to jail until he performs such act, or he is discharged by a special order of the circuit judge, extending the time for the performance; and if such act is not performed within the time as extended, another attachment may issue on the affidavit of the party, his agent, or solicitor."

The provisions of law now codified as § 330, Title 7, supra, were in the Code of 1852 and have been in every subsequent codification of the laws of this state, yet no decision of this court or of the Court of Appeals has come to our attention wherein it appears that the provisions of § 330, Title 7, supra, were sought to be enforced against a husband who was delinquent in alimony payments.

It appears from the decisions of the appellate courts of this state that it has been the uniform practice to resort to contempt proceedings where a husband fails to comply with a decree awarding alimony. Webb v. Webb, 140 Ala. 262, 37 So. 96, 103 Am. St.Rep. 30; Ex parte Cairns, 209 Ala. 358, 96 So. 246; Robertson v. State, 20 Ala.App. 514, 104 So. 561; Ex parte Gunnels, 25 Ala. App. 577, 151 So. 605. In such proceedings the husband is not confined in jail until after it has been determined in accordance with established procedure that his failure to pay is not from a want of means with which to comply with the decree. The husband, in such proceedings, is entitled to have an opportunity to be heard in his own

318

explanation before confinement. Webb v. Webb, supra; Robertson v. State, supra.

Section 330, Title 7, supra, affords no hearing or opportunity for the husband to show, before he is placed behind bars, that his failure to pay alimony resulted solely from his lack of means. The financial standing of a man is likely to vary from time to time, and the husband may have the ability to pay a given sum monthly at the time the decree charging him with payment of alimony is rendered, but within a short time thereafter he may be completely unable to make such payments, due to financial reverses.

The register is authorized to issue attachments under § 330, Title 7, Code 1940, only when a party has failed to do an act provided for in § 329, Title 7, Code 1940. We do not think that the payment of alimony is of that character of "specified act" dealt with in § 329, Title 7, supra.

We have given careful consideration to the opinion of Judge Toulmin in the case of Ex parte Murray, D.C., 35 F. 496. It expressly holds that because of his failure to pay alimony as decreed, a husband may be lawfully arrested and imprisoned on an attachment issued by the register in accordance with the provisions of what is now § 330, Title 7, supra. But we are not in accord with the conclusion there reached. We believe that Judge Toulmin based his conclusion in the case of Ex parte Murray, supra, on a misconception of the holding of this court in the case of Murray v. Murray, 84 Ala. 363, 4 So. 239, wherein, in writing to the duty of the husband to provide maintenance for his wife, it was said as follows:

"We have said this duty and obligation are not merely contractual. Their disregard and breach partake largely of the nature of a tort. *The chancery court may and does enforce their observance by attachment of the person of the husband,* and this is not imprisonment for debt, within the prohibition of our constitution." (Emphasis supplied) 84 Ala. 366, 4 So. 240.

In support of that holding were cited the following cases: Lyon v. Lyon, 21 Conn. 185; Ex parte Hardy, 68 Ala. 303, 320; Chase v. Ingalls, 97 Mass. 524; Logan v.

Logan, 2 B.Mon., Ky., 142; Wightman v. Wightman, 45 Ill. 167; Grimm v. Grimm, 1 E.D.Smith, N.Y., 190.

Judge Toulmin seems to have construed the emphasized portion of the quotation from Murray v. Murray, supra, above set out, as a holding by this court that the law of this state permitted the attachment of the person of the husband in such cases apart from contempt proceedings. We are of the opinion that such is not the proper construction to be given the language quoted from Murray v. Murray, supra. The cases cited in the opinion as authority for that statement were contempt cases.

Section 20 of the Constitution of 1901, which provides "that no person shall be imprisoned for debt," has no bearing on this case, as it has been decided that alimony is not a debt within the meaning of that section. Murray v. Murray, supra.

We are in accord with the conclusion reached by the Court of Appeals that Stephenson was entitled to be discharged for the reason that he had been arrested and incarcerated by virtue of a void attachment in that the register of the circuit court of Covington County, in equity, was not authorized to issue such an attachment under § 330, Title 7, Code 1940, or any other provision of law which has come to our attention.

The judgment of the Court of Appeals is affirmed.

Affirmed.

BROWN, FOSTER, LIVINGSTON, SIMPSON, and STAKELY, JJ., concur.