CRAWLEY, Judge,
dissenting.
Because I conclude that the trial court did not have the authority to hold the husband in contempt, I must respectfully dissent.
A Florida court entered a final divorce judgment. It included provisions for the payment of money in lieu of alimony and for a division of the marital assets and debts. Pursuant to the Uniform Enforcement of Foreign Judgments Act, § 6-9-230 et seq., Ala.Code 1975, the wife filed the Florida judgment with the DeKalb County, Alabama, Circuit Court. The husband disputed the validity of the Florida judgment, but he and the wife agreed to a consent judgment modifying, in part, the Florida judgment pertaining to payment by the husband to the wife of certain moneys due under the Florida judgment. In addition, the consent judgment required the husband to provide 30 days’ on-site assistance to the wife in building her home in North Carolina. The consent judgment is binding on the parties because the trial court approved it. East v. East, 395 So.2d 78 (Ala.Civ.App.1980), cert. den., 395 So.2d 82 (Ala.1981).
The wife filed a complaint seeking to have the husband held in contempt, alleging that the husband had failed to act as her consultant in the construction of her home. After an ore tenus proceeding, the trial court entered a judgment awarding $12,000 in damages to the wife and held the husband in contempt for his willful failure to act as consultant, but allowed the husband to purge himself of contempt by paying to the wife $12,000 and attorney fees of $1,000.
The husband appealed. I conclude that the dispositive issue is whether the trial court had authority to hold him in contempt for not providing the on-site assistance for the construction of the wife’s home. I further conclude that the trial court’s order violates § 20, Constitution of Alabama 1901, which states that “no person shall be imprisoned for debt.” This court is bound by the precedent of our supreme court. Ala.Code 1975, § 12-3-16. Our supreme court has held that § 20 is limited to contract liability. Bray v. State, 140 Ala. 172, 37 So. 250 (1904). That court has further held that an alimony award is not a contract liability for purposes of § 20. Ex parte Stephenson, 252 Ala. 316, 40 So.2d 716 (1949). Therefore, we must determine whether the husband’s obligation in the consent judgment is a contractual property settlement obligation or a noncon-tractual alimony obligation. Ex parte Parker, 334 So.2d 911 (Ala.Civ.App.1976).
The Florida judgment provided that the several provisions therein pertaining to the payment of money, in lieu of alimony, by the husband to the wife “shall be enforceable against him by appropriate Motion and Order of Contempt, and such obligation shall not be dischargeable by him in bankruptcy.” Even if the parties intended the several provisions in the Florida judgment pertaining to the payment of money to be enforceable by contempt orders, the parties considered the husband’s obligations set forth in the Alabama consent judgment to be a property settlement rather than alimony; therefore, that provision cannot be enforced by a contempt order. Paragraph (1) provided that the husband would pay the wife $600 per month and stated: “Even though payments are part of a property settlement, the payments shall increase or decrease relative to the cost of living index.” Paragraph (3) provided for the husband’s consultation on constructing the wife’s home. The consent judgment does not otherwise contain any language indicating that the parties intended that the husband’s consulting services were to be alimony rather than “part of a property settlement” pursuant to paragraph (1).
*374 Therefore, I conclude that the trial court erred, as a matter of law, in finding the husband in contempt. I would reverse the trial court’s judgment and remand the cause for further proceedings.