240 So.2d 598

**In re Charles A. HARDY**

v.

**Willa Cutchen HARDY.**

**Ex parte Charles A. HARDY.**

**4 Div. 22.**

Court of Civil Appeals of Alabama.

Oct. 14, 1970.

250

Farmer & Farmer, Dothan, for appellant.

C. R. Lewis, Dothan, opposed.

BRADLEY, Judge.

Review in this court is sought by petition for the Writ of Certiorari. The Writ was granted by this court directed to the Houston County Court of Houston County, Alabama, in Equity, to send up the record of the proceedings in the matter of Willa Cutchen Hardy v. Charles A. Hardy.

The proceedings below revealed that Willa Hardy had been awarded a decree providing for payment of $500.00 per month for the support and maintenance of herself and her minor children. These payments were to be made by Charles Hardy, her husband, on January 2, 1970 and every month thereafter, pendente lite.

The petitioner here, Charles Hardy, failed to make the $500.00 payment due on April 2, 1970, and Willa Hardy filed her petition on April 8, 1970 asking that the Rule Nisi be issued to the said Charles Hardy requiring him to show cause, if any he had, why he should not be held in contempt of court for failure to make his support payment of $500.00 on April 2, 1970.

The Rule Nisi was issued as requested, and a hearing thereon was scheduled for April 17, 1970. Hearing was had before the court on the day set with the parties and their attorneys being present. After the hearing the court found that Charles Hardy had failed to make the $500.00 sup-

port payment on April 2, 1970 as he had been previously ordered to do, and sentenced him to serve five (5) days in the Houston County jail.

From this order of the court, Charles Hardy filed notice of appeal to this court, posted bond, and was released from jail. Thereafter he filed a petition here seeking the issuance of a Writ of Certiorari to the court below for the purpose of reviewing the court's order holding him in contempt thereof. The Writ of Certiorari was granted as requested.

The evidence taken in the court below shows that a decree was entered by the Houston County Court, in Equity, on December 23, 1969, requiring the said Charles Hardy to pay to the Register of said court $500.00 per month, beginning on January 2, 1970, for the support and maintenance of his wife and their minor children, pendente lite.

The petitioner here, Charles Hardy failed to make his payment on April 2, 1970, as he had been ordered to do, and in fact did not make said payment until April 10, 1970, two (2) days after his wife had filed her petition asking for the issuance of the Rule Nisi.

Furthermore, the evidence showed that Charles Hardy had been found in contempt of court twice before for his failure to comply with the court's order to make support payments by the 2nd of each month, commencing January 2, 1970, and was fined each time.

Charles Hardy's explanation for failure to make the required support payment by April 2, 1970, was that he left on a trip to Florida to obtain tomato plants for himself and other farmers in his area. That he left home on April 1, 1970 and did not return until late on April 4, 1970. Due to bad weather in Florida the tomato plants could not be gathered as quickly as he had hoped and unduly lengthened his trip.

He did admit, however, that he knew the $500.00 support payment was due on April 2, 1970.

The petitioner here makes two assignments of error, one that the trial court erred in its contempt order of May 1, 1970, and two that the trial court erred in holding petitioner in contempt of court and sentencing him to five days in the Houston County jail.

In brief, petitioner says, "From a factual situation, Petitioner had not wilfully refused to make the payment in question and had a reasonable excuse for not doing so."

This argument appears to us to be a request for this court to weigh and consider the facts gleaned from the hearing below and then decide whether petitioner was in contempt of the trial court. This we cannot do.

■ Contempt proceedings are not reviewable by appeal. The proper method of review is by certiorari if the party is not in prison, or by habeas corpus if the party is in prison. Local No. 612, International Brotherhood of Teamsters v. Bowman Transportation, Inc., 276 Ala. 563, 165 So. 2d 113; Wetzel v. Bessemer Bar Association, 242 Ala. 164, 5 So.2d 722. The petitioner, in the case at bar, was out of prison at the time he petitioned this court for the Writ of Certiorari.

■ On review by Writ of Certiorari, this court cannot weigh the facts or consider the sufficiency of the evidence on which the decree of the lower court was based, and, if there is any evidence to support the lower court's decree, we, on certiorari, are bound thereby. Lovelady v. Lovelady, 281 Ala. 642, 206 So.2d 886.

■ Also, we are convinced that there was sufficient evidence to support the lower court's decree.

This was the third contempt proceeding in the space of about three months against the petitioner, and petitioner admitted that he knew the support payment was due on April 2, when he left for Florida on April 1; yet he made no effort to pay until two days after he was cited for contempt.

It would certainly be reasonable for the trial court to conclude that petitioner was deliberately flaunting its orders by failing to make the support payments until cited for contempt.

And, it would also be reasonable for the trial court to conclude that the contempt fines were not having the desired effect of compelling petitioner to abide by its decrees and orders.

Petitioner also argues under his assignments of error that he purged himself of contempt by paying the April 2, 1970 support payment prior to the day of the hearing on the show cause order.

He also contends that his conduct, if it be contemptuous, amounted only to a civil contempt, and by purging himself of contempt prior to the hearing, satisfied the legal requirements for purging oneself of civil contempt.

In Ex parte Abercrombie, 277 Ala. 479, 172 So.2d 43, the Supreme Court of Alabama had the following to say about contempt proceedings in Alabama:

"Civil contempt consists in failing to do something ordered to be done by a court in a civil action, for the benefit of the opposing party therein. A criminal contempt is one in which the purpose of the proceeding is to impose punishment for disobedience to the orders of the court, as distinguished from a civil contempt which invokes the power of the court to commit one who is continuing to violate its orders until he complies with them."

In her petition asking for the Rule Nisi, Willa Hardy did not ask the court to compel petitioner to comply with an order of the trial court which had been made for her benefit. Had she done so, the proceeding that followed would have been in the nature of a civil contempt.

·But, in the case at bar, Willa Hardy asked that petitioner be punished for willfully and contemptuously refusing to obey the decree of the court awarding support payments each month, pendente lite.

Then the trial court, in its contempt decree, stated that petitioner had willfully violated its order awarding support, pendente lite, and that he was in contempt of said court, and as *punishment* for said contempt, sentenced him to serve five days in the Houston County jail. (Emphasis ours.)

There was no request by Willa Hardy, in her petition for the Rule Nisi, nor was there any effort by the trial court in its decree to coerce the petitioner, Charles Hardy, into making the support payments for the benefit of Willa Hardy; on the contrary, the expressed purpose of both Willa Hardy's petition and the trial court's decree was to punish Charles Hardy for willfully failing to comply with the trial court's decree awarding monthly support payments, pendente lite.

This conduct on the part of petitioner constitutes criminal contempt, and the punishment therefor was within the jurisdictional authority of said court. Act No. 208, Acts of Alabama 1949, page 295; and Ex parte Abercrombie, supra.

This not being a civil contempt proceeding, petitioner could not purge himself of the contempt by paying the April 2 support payment prior to the hearing on the Rule Nisi, but could only purge himself of the criminal contempt citation by serving the prescribed number of days in the Houston County jail.

This court finds no error in the case before it requiring a reversal, and it is, therefore, affirmed

Affirmed.