This action represents the latest of a series of disagreements between the parties following their uncontested divorce in 1973. The husband asks for review of an order of the trial court finding him in contempt for failing to pay certain medical expenses of the wife as required by a provision of the separation agreement incorporated in the divorce decree.
The provision in question ordered:
 "5. That Edward Clayton Reeder, Jr. shall pay medical expenses and physicians bills which may be incurred in the treatment of each minor child in an amount not to exceed $500 per child per condition. Further, that Edward Clayton Reeder, Jr. shall pay medical insurance premiums for the entire family including Virgie L. Reeder, provided that Edward Clayton Reeder, Jr. shall not be liable for any medical expense for Virgie L. Reeder in *Page 204 
an amount exceeding one-half of the amount of any medical expense in excess of the amount covered by hospital insurance."
The wife has been involved in an accident, incurring medical expenses of $11,515.08. All but $1,871.00 has been covered by insurance. The wife brought a petition to show cause, claiming that the husband failed to pay medical insurance premiums; the insurance was purchased with deductions from the wife's salary and the husband's promise to reimburse her was not kept. Though restitution for these payments was not specifically sought, she does claim the sum of $935.50, one-half of the amount of medical expenses not covered by insurance.
The case was submitted on the pleadings, record and trial memoranda without a hearing.[1] An order was entered finding the husband in contempt for failure to pay the medical expenses. He was ordered to pay to the wife $935.50 and attorney fees. Notice of appeal from this order was filed.
The husband has erred in his choice of method of review. It is well established that the proper remedy for review of a contempt proceeding is by habeas corpus if the party is in jail, or by certiorari if the party is not, and that appeal is not proper. Killingsworth v. Killingsworth, 284 Ala. 524,226 So.2d 308 (1969); Stout v. Stout, 336 So.2d 1123 (Ala.Civ.App. 1976); 4A Ala. Digest, Contempt 6 (1), 67. See Wilson v. Wilson,53 Ala. App. 194, 298 So.2d 616, cert. denied, 292 Ala. 759,298 So.2d 622 (1973). However, we choose to treat this appeal as a petition for certiorari and entertain the husband's arguments.Armstrong v. Green, 260 Ala. 39, 68 So.2d 834 (1953); Nicholsv. Nichols, 46 Ala. App. 67, 238 So.2d 186, cert. denied,286 Ala. 156, 238 So.2d 190 (1970).
The scope of review in contempt cases on certiorari is limited to questions of law. Ex parte Abercrombie, 277 Ala. 479, 172 So.2d 43 (1965). Questions of fact, if there is any evidence to support the lower court's decree, will not be disturbed. Hardy v. Hardy, 46 Ala. App. 249, 240 So.2d 598
(1970).
The husband contends that the provision of the separation agreement under consideration does not impose upon him any obligation to pay the wife's medical expenses. The terms of this provision are unclear. A literal reading reveals no direct imposition of a duty to pay any of her medical expenses, yet the limitation to one-half of the amount not covered by insurance would be superfluous if there were no such obligation. Judgments and decrees are to be construed like other written instruments. Wise v. Watson, 286 Ala. 22,236 So.2d 681 (1970). If there is uncertainty and ambiguity in a contract, the court must construe it so as to express the intent of the parties. Reid v. Casey, 339 So.2d 79
(Ala.Civ.App. 1976). Such intent can be derived from the provisions of the contract. Sisco v. Empiregas, Inc., 286 Ala. 72, 237 So.2d 463 (1970). Had the parties not intended that the husband be obligated to pay some medical expenses, the inclusion of the limitation would have been pointless.
Where a judgment or decree is so obscure as to not clearly express the exact determination of the court, reference may be had to pleadings and other proceedings to which it refers, and it should be interpreted in light of the pleadings and the entire record. Brown v. Brown, 276 Ala. 153, 159 So.2d 855
(1964). The record contains a joint petition for modification proposed by the husband in 1976 asking that he be released from responsibility for medical expenses of the wife. This evidences the parties' intent that such an obligation be created in the separation agreement. The husband's handwritten response to the petition to show cause also recognizes the obligation. (R.41).
The husband further contends that any obligation regarding the wife's medical *Page 205 
expenses or insurance was terminated by a July 1974 modification agreement providing: "That all alimony payments from Husband to Wife be forthwith terminated." He argues that "alimony" as used therein encompasses such incidental payments as medical expenses.
He cites authorities indicating that the theoretical basis of such payments is the right of alimony. Davis v. Davis, 279 Ala. 643, 189 So.2d 158 (1966); Hardy v. Hardy, supra; 24 Am.Jur.2d,Divorce and Separation § 609. However, we are not here determining whether the imposition of this type of obligation is permissible as an incident of the court's power to award alimony; rather, we are merely examining the intended breadth of the word "alimony" in this particular agreement. The alimony and medical provisions of the separation agreement were stated in separate paragraphs. It would have been logical to make a separate provision terminating the medical obligations in the modification agreement had such been the intent of the parties. The husband's recognition of the obligations in his proposed modification, discussed above, occurred subsequent to the termination of alimony and is relevant to the question of its intended effect. It is clear that his duty regarding medical expenses of the wife was not intended to be extinguished. SeeFlowers v. Flowers, 334 So.2d 856 (Ala. 1976).
We hereby order the husband to pay the wife $300.00 for the services of her attorney.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.
[1] The husband's argument that the failure to hold a hearing was improper is not well grounded. It was requested in the trial memorandum on his behalf that the matter be disposed of on the law without a hearing.