WRIGHT, Presiding Judge.
This is a petition for writ of certiorari by Sandra Beavers Garner seeking review of an order holding her in contempt for failing to comply with previous orders of the court relating to rights of visitation by the father with their child. We affirm the order of the trial court.
The mother had primary custody of the child of the parties. Under the terms of the last order, the father was given the right, among others, to have custody of the child “one week during Christmas vacation.” Such custody was to be preceded by a notice to the mother a month prior to the exercise of the visitation.
The record shows that the father gave written notice in October to the mother that he would exercise his Christmas visitation on December 23, 1977 at 8:00 A.M. The mother responded that she had already made plans for Christmas Day with the child and that the father could pick up the child on December 26 ratner than December 23.
*388 The father filed a petition to show cause why the mother was not in contempt for failure to abide by the orders of the court and further requested an order directing delivery of the child to him on December 23. The mother filed answer averring that the condition of the exercise of visitation rights by the father was “reasonableness” and that his request was not reasonable.
The court held oral hearing on December 9, 1977. It entered judgment on December 19 finding the mother in contempt for “failure to comply with previous orders of the court.” It assessed no penalty for such contempt but ordered the child delivered to the father on December 23 at 8:30 A.M. The mother was ordered to pay $150 in attorney fees.
The only matter which we are authorized to consider by way of certiorari is whether the finding of the mother in contempt was according to law. Ex parte Abercrombie, 277 Ala. 479, 172 So.2d 43 (1965). The other orders of the court amplifying previous orders or directing obedience to the prior order are proper subjects of appeal and not certiorari.
The scope of review in contempt cases on certiorari is limited to questions of law. Ex parte Abercrombie, supra. If there is legal evidence to support the finding of fact, we may not disturb, the judgment of the trial court. Hardy v. Hardy, 46 Ala.App. 249, 240 So.2d 598 (1970).
In this case, though there was evidence presented to the trial court at an oral hearing, such evidence does not appear in the record, either by a reporter’s transcript or by presentation under Rule 10(d), ARAP.
Under such condition of the record, there is no source for examination to determine if the evidence supports the action of the court. We must assume for purposes of our review that there was legal evidence to support the finding of the wife in contempt of prior orders of the court. Cordell v. Poteete, 57 Ala.App. 645, 331 So.2d 400 (1976). There can be no doubt that the court is empowered by law to find a party in contempt if she has, in fact, violated or failed to comply with its orders.
We deny, in our discretion, the assessment of further attorney’s fees against the wife for this appeal.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.