Petitioner Janet Louise Oliver Schotz seeks review by writ of certiorari of an order of the Circuit Court of Calhoun County *Page 606 
adjudging her in contempt of that court for failure to comply with the court's order regarding visitation rights of respondent, Donald D. Oliver. Petitioner was sentenced to three days' confinement in the Calhoun County jail and fined $200 plus court costs. We affirm.
The contempt citation upon which this petition is based was issued after a hearing by the court for petitioner's failure and refusal to abide by the court's order of January 10, 1978, pertaining to respondent's visitation rights. That order, amending an earlier order requiring monitored visitation privileges, provided that during the period from January 28, 1978 to the end of March 1978, respondent should have the right to visit Teresa on the first, second and fourth Saturday of each month from 9:00 a.m. until 6:00 p.m. On these visitation days petitioner was ordered to bring the child to the reading room of the Calhoun County Public Library in Anniston, Alabama. Respondent was to pick up the child at the library and return her by 6:00 p.m. to the same location. Commencing in April 1978 respondent's visitation rights were to be altered to include full weekend visits on certain weekends each month, a two week summer visit, and a two day Christmas visit.
On March 29, 1978 the court heard testimony ore tenus on respondent's petition for rule to show cause why petitioner should not be held in contempt. This testimony indicated that on January 28, 1978 petitioner, Teresa and Mr. Schotz arrived at the library at the designated time. However, petitioner and Teresa remained in the front seat of the car, which was parked on the street in front of the library. They did not go to the reading room.
Respondent, petitioner and petitioner's husband all asked Teresa if she would get out and go with respondent, but the child would not leave the car. Petitioner refused to compel the child to accompany respondent against the child's will. Petitioner also refused to allow respondent to remove the child from the car, and respondent made no attempt to do so. Mr. Schotz then suggested that they drive to respondent's home, where Teresa might be persuaded to leave the car. Upon arrival there Teresa still refused to leave the car, locking all the car doors. Respondent was unable to exercise his visitation rights that weekend.
Mr. Schotz testified that both he and petitioner tried to prepare the child for the next scheduled visitation. But they concluded that, in light of the child's anxiety during the first attempted visitation and the continued insistence by the child that she did not wish to go, the only way to have accomplished the visitations would have been to forcibly drag or pull the child from the car. Petitioner refused to do this, and consequently, decided not to bring the child to the library for the scheduled visits. Respondent came to the library for the next three scheduled visits, but petitioner did not appear with the child.
The record in this case further reveals that respondent has not visited the child since the order of January 10th and has had the child in his home only once since respondent filed a petition for modification of his visitation privileges on May 19, 1977. That single visitation was exercised under a writ of assistance, whereby sheriff's deputies went to petitioner's home and attempted to pick up the child. Testimony indicates that petitioner told the child to hide from the deputies by running out the back door and into the nearby woods. However, the deputies were able to catch the child and deliver her to respondent for the visit. After being delivered to respondent, Teresa "squalled for about twenty minutes," but otherwise seemed to enjoy the weekend visit with respondent.
Finally, the record indicates that during the hearing on the petition for rule to show cause, petitioner, speaking through her attorney, informed the court that she was not willing to force the unwilling child to visit with respondent as directed by the court. Nor is she willing to forcibly remove the child from the car in order to deliver custody to respondent. If the child were willing to visit respondent, petitioner says she would comply with the order by delivering the child to the designated location. *Page 607 
Petitioner argues that the trial court's contempt citation is based not on the best interests of the child but on its desire to obtain obedience to its decrees and is, therefore, improper.
But the question of what is or is not in "the best interests of the child" is a question of fact not properly before this court. It is well established that the scope of review in contempt cases on certiorari is limited to questions of law.Reeder v. Reeder, Ala.Civ.App., 356 So.2d 202 (1978). Determinations of questions of fact, if there is any evidence to support the lower court's decree, will not be disturbed.Hardy v. Hardy, 46 Ala. App. 249, 240 So.2d 598 (1970). The circuit court has determined that the interests of the child are best served by allowing visitation with the respondent. This determination is reflected in the several orders issued by the court in prior litigation between these two parties, each allowing such visitation rights. The evidence in the record of this case supports the court's determination, and we will not disturb its findings on this point.
The trial court, after a full hearing, has determined that petitioner's conduct was contemptuous. In order to insure that petitioner complied with its orders, the court found it necessary to punish petitioner. On the record we cannot state that the trial court was in error.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.