WRIGHT, Presiding Judge.
The husband was found to be in contempt for failure to make child support payments and was ordered to pay the amount of $2,800 to the wife for all arrearage. The husband appeals from the trial court’s denial of his motion for new trial.
The wife argues that the husband has erred in his choice of method of review to this court. It is well established that the proper remedy for review of contempt proceedings is habeas corpus if the party is in jail, or by certiorari if the party is not, and appeal is not proper. Killingsworth v. Killingsworth, 284 Ala. 524, 226 So.2d 308 (1969); and Stout v. Stout, 336 So.2d 1123 (Ala.Civ.App.1976).
However, as in Reeder v. Reeder, 356 So.2d 202 (Ala.Civ.App.1978), we will treat the matter as a review by certiorari and proceed accordingly. We consider the jurisdiction of the court sufficiently invoked. Armstrong v. Green, 260 Ala. 39, 68 So.2d 834 (1953).
The wife testified that she obtained a divorce from her husband in the Circuit Court of Franklin County in 1956 after a twenty-one year marriage. They had nine children at that time, five of whom were minors. She further testified that the husband was ordered to pay her $85 per month as support for the five minor children, and that she received payments up until December of 1957, but none thereafter. No other witness testified.
The trial judge heard the evidence. He determined there was an arrearage of support due of $2,800. He found the husband in contempt for failure to make such payments, and directed that he purge himself by paying the arrearage.
The husband contends there was a lack of evidence to establish that an arrearage existed and that he was in contempt of court. Specifically, the husband cites the wife’s failure to introduce into evidence the final divorce decree of the parties or any records of the register to show whether or not child support payments had been made.
The scope of review in contempt cases on certiorari is limited to questions of law. Ex parte Abercrombie, 277 Ala. 479, 172 So.2d 43 (1965). Questions of fact, if there is any evidence to support the lower court’s decree, will not be disturbed. Hardy v. Hardy, 46 Ala.App. 249, 240 So.2d 598 (1970).
It is a well established rule of appellate review that where a trial court makes a decree after hearing witnesses ore tenus, every presumption will be indulged in favor of the trial court and its findings will not be disturbed unless palpably wrong. Cowden v. Hughes, 353 So.2d 505 (Ala.1977); Casey v. Beck, 350 So.2d 429 (Ala.1977); 2A Ala. Digest, Appeal and Error 931(1).
*263 There was uncontradicted evidence in the form of the wife’s testimony upon which the trial court could have based its findings. There was no objection at trial to any part of the wife’s testimony. Therefore, we find no error in the proceedings below, and accordingly affirm the trial court.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.