Ex-husband appeals from an order holding him in contempt for failure to make child support payments and ordering him to *Page 1097 
pay arrearages of $495 and attorney fees of $650. We affirm.
The parties to this proceeding were divorced on December 9, 1970, at which time the wife was awarded custody of the one child of the parties. The wife was pregnant at the time and the divorce decree acknowledged that the wife would receive $100 per month for both children. This decree was modified on January 8, 1973 to provide the wife with the sum of $165 per month for child support, in light of the fact that she had given birth to twins.
On November 10, 1978 a petition for rule nisi was filed by the wife averring that: (1) the husband had failed to pay child support for the previous eight months, up to and including the date of the filing of the petition; (2) the husband was an able-bodied man, capable of paying child support; and (3) the wife was unable to afford counsel to represent her in the proceeding. The case was set for trial on December 20, 1978 in the Walker County Circuit Court. The trial date was continued until January 4, 1979, and on that date the husband filed a motion requesting that the case be heard in the Circuit Court of Walker County where it had been since July 30, 1970; that the complaint be dismissed because plaintiff came into court with unclean hands; that all proceedings in the matter be held in closed session with only certain persons present; and that the plaintiff be required to produce certain records reflecting her income and other assets. The circuit court overruled the motion and proceeded to hear evidence in the case. The wife alleged $1,485.00 in arrears through December 1978. After hearing the evidence the trial court ordered the husband to pay the $1,485.00 in arrears and, in addition, to reimburse the wife for court costs. The case was continued until January 18, 1979 to determine compliance with the order.
The court heard testimony regarding the compliance order on March 14, 1979. The court ascertained that the husband had paid the $1,485.00 arrearage, but was in arrears in the amount of $495 as child support for January through March 1979, and ordered that the $495 be paid on or before March 20, 1979, or the husband would be required to serve five days in the Walker County jail. The court also awarded an attorney fee of $650 to the wife's attorney of record.
On March 21, 1979 the court found that the husband had failed to obey the decree, and ordered the sheriff to arrest and confine the husband for the sentence previously ordered.
Before dealing with the primary issues presented to this court for review, it is necessary to determine whether certain documents are before this court. The plaintiff's brief contains a document which the plaintiff has described as "Exhibit A."
On July 17, 1979 the defendant-appellant filed a motion to strike "Exhibit A." On July 27, 1979 the plaintiff-appellee filed an objection to the defendant's motion to strike and requested that this court add several documents to the record on appeal which were not a part of the trial record.
The document termed "Exhibit A" is not properly before this court. The record as forwarded to this court contained none of the documents offered by the plaintiff and, therefore, this court must exclude plaintiff's "Exhibit A" as a matter outside the record. Furthermore, the record on appeal does not contain a transcript of testimony taken at the hearings held by the trial court. The record reflects that no court reporter attended the hearings held by the trial court in this matter.
Appellant's first contention is that the assignment of a district judge to a domestic relations case should affirmatively appear on the record of such case. This issue has not been properly raised. The objection by appellant at the trial level was that the case be tried in the Circuit Court of Walker County. We can find nothing in the record to indicate that appellant's case was held anywhere other than in the Circuit Court of Walker County. Since a proper objection was not made to the assignment of the trial judge, no trial court ruling is presented for our review. Sanders v. Sanders, Ala.Civ.App., 342 So.2d 380 (1977). *Page 1098 
Appellant's next contention is that the trial court erred in holding him in contempt. It is well established that the proper remedy for review of a contempt proceeding is by habeas corpus if the party is in jail, or by certiorari if the party is not, and that appeal is not proper. Killingsworth v. Killingsworth,284 Ala. 524, 226 So.2d 308 (1969); and Stout v. Stout, Ala.Civ.App., 336 So.2d 1123 (1976). Although the husband has erred in his choice of review, we choose to treat his appeal as a petition for certiorari and consider the husband's arguments.Reeder v. Reeder, Ala.Civ.App., 356 So.2d 202 (1978); Aldridgev. Aldridge, Ala.Civ.App., 362 So.2d 261 (1978).
The scope of review in contempt cases on certiorari is limited to questions of law. Ex parte Abercrombie, 277 Ala. 479, 172 So.2d 43 (1965). The weight and sufficiency of the evidence is not reviewable by us, for we are concerned only with whether there is any evidence to support the trial court's decree. Hardy v. Hardy, 46 Ala. App. 249, 240 So.2d 598 (1970).
The trial court's judgment reflects that the husband was in arrears as to his monthly child support payments and that the husband did not dispute the arrearage. Since a court reporter was not present, we have only the record on appeal, which does not contain the evidence considered by the trial court. We have previously held that when oral testimony was considered by the trial court in reaching a decision and this testimony is not present in the record, it is conclusively presumed that this testimony is sufficient to support affirmance. Adams v. Adams, Ala.Civ.App., 335 So.2d 174 (1976). Consequently, we find the trial court's judgment holding appellant in contempt is without error.
Appellant next contends that the trial court cannot adjudicate arrearages in child support occurring after the filing of a petition for the rule nisi without formal amendment. The record indicates that the wife presented sufficient evidence to the court to find the husband in arrears for the three months prior to such hearing and that the husband did not dispute this finding. The appellee argues that an amendment was not necessary to adjudicate arrearages occurring after the filing of the petition for the rule nisi since appellant in effect consented to the raising of such issue. We agree. Rule 15 of the Alabama Rules of Civil Procedure governs amendments, and Rule 15 (b) is applicable when issues outside the pleadings are raised. The Committee Comments to that rule state:
 Under the rule where evidence is introduced or an issue raised with the express consent of the other party, or without objection from him, the pleadings "shall" be deemed amended to conform to such evidence.
The appellant admitted the three months of arrearages and failed to raise an objection; therefore we find that the pleadings conform to the evidence under Rule 15 (b), ARCP.
The appellant's final argument on this appeal is that the trial court's awarding attorney fees to the appellee was an abuse of discretion. Code of Alabama 1975, § 30-2-54, provides that attorney fees may be awarded in actions to recover alimony and support where there have been contempt of court citations. In the case sub judice the court found appellant in contempt for failure to pay child support.
This court, when considering a charge of abuse of discretion in the awarding of fees by the trial court, is hesitant to displace the judgment of the trial court with our own. Cluttsv. Clutts, Ala.Civ.App., 54 Ala. App. 43, 304 So.2d 599 (1974). As previously noted, in the present case a court reporter was not present and thus the testimony was not recorded. We therefore do not have a transcript of the evidence taken before the trial court nor do we have a statement of the evidence prepared pursuant to Rule 10 (d), ARAP. Since the record contains no transcript, we have nothing which would enable us to determine whether the trial court erred in its award of attorney fees. We therefore have no alternative but to find that the trial court did *Page 1099 
not abuse its discretion in the award of attorney fees to appellee.
Appellee's request that she be awarded an attorney's fee on appeal is granted and she is awarded $500 as a reasonable fee for her counsel's services.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.