This appeal is from judgment holding appellant in contempt for failure to pay periodic alimony and a judgment modifying the periodic alimony provision of a prior divorce decree
The parties to this proceeding were divorced by order of the Russell County Circuit Court on March 26, 1979 and the appellant was ordered to pay appellee $400.00 a month as periodic alimony. At the time of the divorce, appellant was employed and earning about $16,000 a year including military retirement pay. At the time of the modification hearing, appellant was unemployed and his sole income was his military retirement pay of $543.00 per month
Appellant is in his early fifties, in good health, and is actively seeking employment. Appellee is about fifty and in poor health. She is unemployed and her job prospects are not good. She testified that the alimony payments were her only source of income other than seventy dollars a month she receives in free food stamps *Page 694 
After an ore tenus hearing the trial court held the appellant in contempt for failure to make a certain monthly alimony payment and then modified the periodic alimony requirement in the divorce decree by suspending the $400 a month payment until such time as appellant becomes gainfully employed, and substituting in lieu thereof the requirement that appellant pay to appellee as periodic alimony fifty percent of his military retirement pay and fifty percent of any unemployment compensation benefits that he might receive until such time as he becomes gainfully employed. Upon being gainfully employed appellant would again be required to pay $400 per month as periodic alimony
Appellant appeals from this decree contending that the trial court erred (1) in holding him in contempt for failure to pay periodic alimony, (2) in modifying the prior divorce decree only to the extent of reducing monthly alimony payments from $400 to fifty percent of his military retirement and fifty percent of any unemployment compensation benefits that he might receive, (3) in changing the requirement that payment be made by the first of each month to the requirement that payment be made no later than the tenth of each month, and (4) that the trial court erred in overruling his motion for a directed verdict made at the conclusion of appellee's case in chief
Appellant's first contention is that the trial court erred in holding him in contempt for failure to pay periodic alimony and he has appealed that aspect of the trial court's judgment
The proper remedy for review of a contempt order is by certiorari if the party in contempt is not in jail and appeal is not the proper remedy. Lunceford v. Lunceford, 363 So.2d 98
(Ala.Civ.App.), cert. denied, 363 So.2d 100 (Ala. 1978). The appellant was not in jail at the time he sought review of the contempt order. However, we choose to treat this appeal as a writ of certiorari and will, therefore, consider the argument of appellant. Reeder v. Reeder, 356 So.2d 202 (Ala.Civ.App 1978)
The scope of review of a contempt judgment on certiorari is limited to questions of law. Reeder v. Reeder, supra. Questions of fact, if there is any evidence to support the trial court's judgment, will not be disturbed. Hardy v. Hardy, 46 Ala. App. 249, 240 So.2d 598 (1970)
In the present case it is undisputed that the December 1980 payment, which was due on December 1, 1980, was not paid until January 14, 1981. Payment of the December 1980 installment was made after the petition for rule nisi was filed, i.e. January 6, 1981, but before the date of the hearing, i.e., March 31, 1981. The trial court found that the December 1980 installment had not been paid as of March 31, 1981. This finding is not supported by the evidence. Consequently, the trial court's judgment holding appellant in contempt is erroneous
Appellant's second contention is that the trial court erred in its modification order by requiring him to pay fifty percent of his military retirement pay and fifty percent of any unemployment compensation benefits that he might receive as periodic alimony. In other words, appellant argues that under the original divorce decree he was required to pay only thirty percent of his income as periodic alimony whereas now he is required to pay fifty percent of his income as such alimony And his income is now about one-half of what it was at the time of the divorce decree
It is true that appellant's income has been substantially reduced, but it is also true that appellee's needs are still as much or more than they were originally. Her prospects for employment are not good whereas appellant's prospects for employment are good
In a divorce modification proceeding, the trial court's judgment will be presumed correct where it heard the evidence orally and will not be set aside except for plain and palpable error. Parrish v. Parrish, 365 So.2d 1237 (Ala.Civ.App. 1979) In such a proceeding there are many factors *Page 695 
for the trial court to consider, among which would be the wife's financial status and need and the financial ability of the husband to respond to her needs. Parrish v. Parrish, supra.
The record before us reflects that the appellee's needs are in excess of the $400 she has been receiving in alimony and her other income sources are practically non-existent. However, the record also shows that appellant's income has been substantially reduced since the divorce decree. So, the appellant's ability to respond to appellee's needs has been reduced, and, it appears that the trial court took this factor into consideration when it modified the periodic alimony award Although the amount required to be paid by appellant will be proportionally greater than before, the amount that will be received by appellee will probably be less than the $400 she had been receiving under the original decree. Under these circumstances, we cannot say that the trial court's decree is palpably erroneous
Appellant's next contention is that the trial court erred in changing the date when the periodic payments are due from the first of each month to no later than the tenth of each month We find no error here
As noted above, a trial court's modification decree will not be set aside except for palpable abuse where it heard oral testimony
The parties testified concerning the dates on which appellant would make the monthly payments, they pointed out a problem where the wife fails to pay the monthly house payment and there was testimony that the appellant would not know if the appellee had made the house payment until several days after the first of the month
Based on this testimony the trial court fixed the date for making the alimony payments at no later than the tenth of the month to give the appellant an opportunity to learn whether he should pay the house payment and send the remainder to appellee or send the full amount to appellee. We find no abuse of discretion here
Appellant's final contention is that the trial court erred in overruling his motion for a directed verdict at the conclusion of appellee's case
To begin, the proper motion to make in a non-jury case when the defendant seeks to have plaintiff's action dismissed because plaintiff has failed to show by the law and facts a right to relief, is a Rule 41 (b) motion, not a Rule 50 (a) motion which applies only in jury cases. Quick v. Director,State Department of Industrial Relations, 398 So.2d 312
(Ala.Civ.App. 1981); Chaney v. General Motors Corp.,348 So.2d 799 (Ala.Civ.App. 1977). The instant proceeding was a non-jury case; hence we will treat the motion for a directed verdict as a 41 (b) motion to dismiss
Appellee petitioned the court to modify the alimony provision of the divorce decree to increase the monthly payments to $600.00 a month due to increased living expenses. Appellant counterclaimed by asking that the alimony provision be modified so as to reduce the amount of the monthly payments
Appellee's evidence showed that her living expenses had increased and that she had obtained free food stamps to make ends meet. Appellee also testified that she did not know the specific amount of appellant's earnings but that he was working. It could be reasonably inferred from this testimony that appellee needed additional alimony and that appellant was able to make additional payments
The burden is on the moving party in a modification proceeding to show a substantial change in circumstancesChildress v. Childress, 378 So.2d 1147 (Ala.Civ.App. 1979) And, the trial court can modify an alimony award based on proof of changed circumstances of one or both of the partiesCopeland v. Copeland, 343 So.2d 533 (Ala.Civ.App. 1977)
In the case at bar appellee, at the least, made out a prima facie case for an increase in periodic alimony and thus the trial court was not in error in overruling *Page 696 
the motion. Particularly is this so where the appellant was also seeking a modification to reduce the alimony payments
Affirmed in part, reversed in part and remanded for entry of a judgment not inconsistent with this opinion
AFFIRMED IN PART, REVERSED IN PART AND REMANDED WITH INSTRUCTIONS
WRIGHT, P.J., and HOLMES, J., concur
 ON REHEARING