BRADLEY, Judge.
On January 6, 1983, and after an ore tenus hearing, the father was held in contempt of court for failure to pay child support in the amount of $2,475. The court also awarded interest in the amount of $297 on that amount of arrearage, and the court awarded an attorney’s fee of $1,945.35. The mother filed her petition for the rule nisi on October 16, 1981.
After the denial of his posttrial motion, the father seeks review of the January 1983 order by way of appeal. The proper method for review of a contempt order when the person in contempt is not in jail is by writ of certiorari. The father is not in jail; therefore, we will consider his appeal as a writ of certiorari. Matthews v. Matthews, 404 So.2d 692 (Ala.Civ.App.1981).
The father’s first issue questions the order of contempt on the ground that the evidence fails to show that he was able to pay the $2,475 in child support due in 1981 and 1982.
“The scope of review in contempt cases on certiorari is limited to questions of law. Ex parte Abercrombie, 277 Ala. 479, 172 So.2d 43 (1965). The weight and sufficiency of the evidence is not reviewable by us, for we are concerned only with whether there is any evidence to support the trial court’s decree. Hardy v. Hardy, 46 Ala.App. 249, 240 So.2d 598 (1970).”
Wilson v. Freeman, 376 So.2d 1096 (Ala.Civ.App.1979).
The evidence shows that the father was due to pay $165 per month in child support and that he failed to make those payments in the amount of $2,475 in 1981 and 1982. The father, who is self-employed, had a gross income in 1981 of $5,252.32, and $800 in the first three months of 1982. In addition the father received about $3,000 from his mother in 1981 that he said was a loan.
The evidence also reveals that the father did not have expenses such as rent, mortgage payments, or other type installment payments due to a bankruptcy proceeding. He did, however, testify that he had living expenses of about $700 per month.
The father stated that he lived alone in his three bedroom house with the usual furniture and furnishings. In addition he valued his library, which contained about two thousand volumes and many periodicals, at about $10,000.
The record also reflects that in addition to the living expenses enumerated by the father he also paid out in 1981 $112 to have his car washed and cleaned; paid out $74 in political contributions; paid out $87.50 for various publications; donated $440 to the Macedonia Church of Christ; and paid out $317.75 in miscellaneous expenses. The total of this is $1,031.25.
On the basis of the evidence set out above, we find that the trial court’s contempt order is supported by the evidence.
The father’s next contention is that the trial court improperly assessed him with attorney’s fees after holding him in contempt for failure to pay child support and that his threatened incarceration by the court for failure to pay said attorney’s *909 fees is an unconstitutional imprisonment for nonpayment of a debt.
This same argument was presented to this court by the father in his seventh appearance before this court as a result of a contempt citation for failure to pay child support. See Wilson v. Freeman, 402 So.2d 1004 (Ala.Civ.App.1981). The answer we gave in that case is decisive of the issue raised above, i.e. attorney’s fees were properly assessed and the contempt order was not based on nonpayment of attorney’s fees and the payment of the attorney fee so assessed is not a purgative condition of the contempt order. Hence, there is no threatened imprisonment for nonpayment of a debt.
The father’s final issue is that the trial eourt erred in assessing interest on the arrearage award.
We held in Osborne v. Osborne, 57 Ala. App. 204, 326 So.2d 766 (Ala.Civ.App.1976) that interest was properly chargeable on delinquent child support payments from the day they became due and payable to the day they were paid. Therefore, no error was committed by the trial court in assessing interest on the delinquent child support payments.
The judgment of the trial court is affirmed.
The defendant-mother is awarded an attorney’s fee on appeal of $500.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.