EDWARD N. SCRUGGS, Retired Circuit Judge.
This is an appeal from the denial of a petition for a writ of habeas corpus.
On January 6, 1983, Mr. Wilson was adjudged to be in contempt of court for failure to pay child support of $2,475 and interest. That judgment was affirmed upon appeal. Wilson v. York, 445 So.2d 907 (Ala.Civ.App.1983). That was the ninth time that disputes and contempt orders against Mr. Wilson have been brought before this court. Certiorari was denied by the Supreme Court of Alabama on February 24, 1984 (445 So.2d 907) and by the Supreme Court of the United States on February 19, 1985 (— U.S. -, 105 S.Ct. 1204, 84 L.Ed.2d 347).
On March 12, 1985, Mr. Wilson was incarcerated in the county jail pursuant to the January 6,1983 contempt of court adjudication. He filed his petition for a writ of habeas corpus on March 14, 1985, upon the alleged ground that he had no means whereby he could purge himself of contempt. The hearing thereon was held on that same date. While no evidence was then presented by either side, he reiterated to the trial court his inability to purge himself of contempt of court and his statement or argument in that regard was not controverted at that hearing. The trial court denied.the writ of habeas corpus on March 15, 1985, and Mr. Wilson appealed pro se and has filed an excellent brief. No brief has been presented on behalf of the opposing side.
In conjunction with his appeal, Mr. Wilson filed an affidavit of substantial hardship, whereby he swore that he had only $15 cash on hand, no savings or checking account, no employment and no income while in jail; that he had received income of $6,000 during the past twelve months from logs and wood products; that the trustee in bankruptcy holds title to all of his property, land and houses, which are fully mortgaged; that his indebtedness to several banks totals $350,000; and that his estimated monthly cost of living before he was incarcerated amounted to $500. The trial court granted a waiver of the initial payment of the docket fee ($100). Mr. Wilson was released from jail on an appeal bond on May 6, 1985, at the direction of the trial court.
Mr. Wilson contends that he should be released from custody because his failure to purge himself of contempt of court was due to his inability to pay. We deem this issue to be determined in Mr. Wilson’s favor by Knight v. Sager, 370 So.2d 311 (Ala.Civ.App.1979), where the facts clearly parallel the present circumstances. There was no evidence in that case, and the trial court granted the petitioner’s motion to proceed in forma pauperis, but denied the writ of habeas corpus. This court ordered that the petitioner be released from custody. “Because of the trial court’s grant of the appellant’s [petitioner’s] motion to proceed in forma pauperis, we consider the record shows the appellant financially unable to purge himself of contempt.” 370 So.2d at 312.
If Mr. Wilson was so indigent that he had no means of paying a docket fee of $100, we are forced to conclude that he likewise could not raise at that time ap *1135 proximately $2,800 in order to purge himself of contempt of court.
The denial of the writ of habeas corpus by the' learned trial court is reversed.
Since this ease is reversed for the above reason, it is not necessary that we consider further issues which were raised by Mr. Wilson.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
REVERSED AND REMANDED.
All the Judges concur.