Because the mother cannot be relieved of paying child support, the trial court has a difficult task of seeing that justice is done. State Department of Human Resources ex rel.Nathan v. Nathan, 655 So.2d 1044 (Ala.Civ.App. 1995). On appeal, the father urges us to reverse the judgment of the trial court and require that court to enter an order requiring the mother to pay child support, but, on the other hand, does not object to the trial court's refusal to order visitation. This position cannot be approved by this court, because it would let the father "have his cake and eat it too," i.e., the father would receive child support, yet be granted his desire for the child not to visit the mother.
Although the trial court's frustration in dealing with the disrupted mother-child relationship resulting from divorce is appreciated, its judgment deprives the child of support and sanctions the father's irresponsible behavior in failing to encourage the child to visit her mother and to insist that she do so. Because the father, on appeal, urges this court to reverse the trial court's judgment and require the mother to pay child support, *Page 519 
it is likely that the trial court contemplated pressuring the father to encourage visitation by relieving the mother of her obligation to pay child support. If this ploy works, i.e., if the father's "encouragement" results in the child's visiting the mother and his petition to reinstate child support is granted, then there is no problem with the trial court's judgment. However, if the ploy does not work, i.e., if visitation is not restored, the child will be deprived of financial support and of a relationship with her mother.
The trial court, on remand, must first determine whether the interests of the child are best served by allowing or by disallowing visitation with the mother. The trial court may limit, during visitation, the objectionable activities of the mother, to protect the child's well-being. Smith v. Smith,599 So.2d 1182 (Ala.Civ.App. 1991).
If it determines that it is in the best interest of the child for the child to visit her mother, the trial court has its contempt power to enforce that determination. Schotz v. Oliver,361 So.2d 605 (Ala.Civ.App. 1978). Even if the trial court determines otherwise, it shall set reasonable child support.Cook v. Echols, 16 Ala. App. 606, 80 So. 680 (1918).