40 So.2d 713

**Ex parte STEPHENSON.**

**4 Div. 28.**

Court of Appeals of Alabama.

Nov. 25, 1947.

Rehearing Denied Dec. 16, 1947.

E. O. Baldwin, of Andalusia, for appellant.

C. B. Fuller, of Andalusia, for appellee.

HARWOOD, Judge.

This is an appeal from an order of the Probate Court of Covington County denying appellant's petition for a writ of habeas corpus.

For convenience the appellant will hereinafter be referred to as the petitioner.

The petitioner and his wife were divorced by a judgment of the Circuit Court Twenty-second Judicial Circuit of Alabama in 1943, the decree providing that this petitioner pay $20 per month alimony, said amount to be paid to the Register each thirty days thereafter. This petitioner's failure to pay such decreed alimony installments allegedly for a period of fourteen months furnishes the background of this case.

On 5 September 1947 the attorney of record for petitioner's wife in the divorce proceedings made an affidavit before Honorable A. R. Powell, Jr., Register in Equity for Covington County, to the effect that he was the attorney of record for Mrs. Stephenson in the divorce proceedings above mentioned, and that "Affiant further says that said G. W. Stephenson has not performed the terms for many months prior to the filing of this affidavit he has failed to make the monthly payments for the support of the complainant as required by the terms of said decree."

On the basis of this affidavit Mr. Powell, the Register, issued a writ of arrest addressed to any sheriff of the State of Alabama, said writ being as follows:

"You are hereby commanded to arrest and commit to jail G. W. Stephenson for his failure to perform the terms of the final decree of the court rendered in case No. 2980 lately pending in the Circuit Court of Covington County, Alabama, in Equity wherein Vera L. Stephenson was complainant and G. W. Stephenson was respondent.

"Herein fail not; due return make of this writ as required by law.

"Done this 5th day of September, 1947."

Pursuant to the above writ of arrest Mr. Tom E. Head, the Sheriff of Covington County, arrested the petitioner and confined him in jail on 6 September 1947.

Petitioner, on 10 September 1947 filed his petition for a writ of habeas corpus in the Probate Court of Covington County setting up the above facts. On that same day the court issued the requested writ to the Sheriff of Covington County, hearing of the habeas corpus proceedings being set for 12 September 1947.

Sheriff Head filed his answer in which he set forth that he was holding petitioner under a process valid on its face, towit, the writ of arrest issued by the Register as above mentioned, and that said writ of arrest was issued by the Register under the provisions of Section 330, Title 7, Code of Alabama 1940. Sheriff Head further asserted on information and belief that the petitioner was about fourteen months in arrears in payment of alimony installments due under the decree of divorce heretofore referred to.

No testimony appears to have been taken at the hearing.

As before stated, at the completion of the hearing on the petition for habeas corpus the Probate Court overruled and denied the petition. Petitioner thereupon perfected his appeal to this court.

In an excellent, and we think well nigh definitive opinion by Bricken, Presiding Judge, in Robertson v. State, 20 Ala.App. 514, 104 So. 561, 567, dealing with the question of contempt proceedings for failing to pay alimony, this court determined that such proceedings are sui generis, collateral to but independent of the cause in which the contempt arises, and while technically classified as a civil contempt, it is also quasi criminal, the elements of both a criminal and a civil proceeding appearing.

As to the requisite proceedings in such matters it was further stated in the Robertson case, supra:

"We take it that it is now well settled that proceedings of this character must be begun by affidavit. In Encyclopedia of Pleading and Practice, vol. 4, p. 779, it is said that:

" 'By Affidavit.—a. Its Necessity. The almost universal method by which contempt proceedings are begun is by an affidavit, and an examination of the authorities will generally disclose that in all contempt proceedings, save for such as are committed in the court's immediate presence, an affidavit is essential.'

"In volume 5 of the Standard Encyclopedia of Procedure, p. 390, the rule supported by numerous authorities is stated thus:

" 'Indirect or Constructive Contempt. If the proceedings be for a civil, indirect or constructive criminal contempt, the offender must, as a rule, be brought before the court by a rule or some other sufficient process based on affidavit, it not being necessary that the application be instituted by petition. Although if the contemner be present in court, it is held that the court may dispense with the issuance of a rule.

" 'It has been held that a proceeding to punish for other than direct contempt is a distinct and independent proceeding, as much so as a new suit, and necessitates the giving of notice of all proceedings.'

"In his work on Marriage and Divorce, in speaking of proceedings to enforce the payment of alimony, Mr. Schouler in vol. 2, section 1840, says:

" 'Proceedings in contempt should usually be begun only after demand, and personal service must be made to give the husband proper notice of the proceedings, as summary action cannot be taken.' "

█ The power to punish for contempt is inherent in all courts of record at common law, including of course courts of equity. This power exists additionally by virtue of Section 328 of Title 7, Code of Alabama 1940, which merely codifies the provisions of the common law. This code section is as follows:

"Circuit courts in equity proceedings may also enforce their decrees, orders, and rules by process of attachment against the party or officer in contempt, or by process of sequestration against his property."

██ It is to be noted that the above section addresses itself to the judge or chancellor, and not to the register. Even so far as the court is concerned it in no way dispenses with the necessity of an affidavit, on which the rule nisi is issued, and an opportunity afforded the alleged contemner to be heard. If at the hearing it be shown that the failure to pay the decreed alimony installments is not from mere contumacy, but from want of means, the result of misfortune not induced by fraudulent conduct on the defendant's part, then there is no contempt. Webb v. Webb, 140 Ala. 262, 37 So. 96, 103 Am.St.Rep. 30; Robertson v. State, supra; Ex parte Gunnels, 25 Ala.App. 577, 151 So. 605. See also Adair et al. v. Gilmore, 106 Ala. 436, 17 So. 544; McKissack v. Voorhees et al., 119 Ala. 101, 24 So. 523. Furthermore, the affidavit on which the contempt proceedings are based must be laid before the judge or court for judicial consideration; the mere filing of the affidavit is insufficient. The judge before whom it is presented is then called upon to decide whether a rule will issue. If the affidavit is sufficient the rule issues citing the alleged contemner to appear and show cause why he should not be punished for contempt. In effect the affidavit constitutes a criminal accusation against the alleged contemner, and is in many respects analogous to the complaint before a magistrate upon which a warrant is issued. Robertson case, supra.

█ It is therefore clear that the writ of arrest issued by the register in this case, and upon which the petitioner was incarcerated, was beyond the jurisdiction of the register and was void. It furnished no legal basis for his detention. The petitioner's application for a writ of habeas corpus should therefore have been granted.

█ We infer from the record that the register was under the misapprehension that he was empowered to issue the writ of arrest he did issue because of the provisions of Sections 329 and 330 of Title 7, Code of Alabama 1940. These sections are as follows:

4

"329. If a decree is for the execution of a conveyance, the delivery of goods, or any other specified act, the decree must, in all such cases, prescribe the time within which such act is to be performed.

"330. Upon an affidavit being filed with the register by the party entitled to have such act done, his agent, or solicitor, stating that the decree of the court has not been performed, the register must issue an attachment against the delinquent party, upon which he may be arrested and committed to jail until he performs such act, or he is discharged by a special order of the circuit judge, extending the time for the performance; and if such act is not performed within the time as extended, another attachment may issue on the affidavit of the party, his agent, or solicitor."

In our opinion the above two code sec tions must be read together, and it is further our opinion that they do not authorize arrest on a writ of attachment issued by a register for delinquency in payment of alimony installments. Even when there were no constitutional inhibitions against imprisonment for debt, the inherent power of a chancery court to punish for contempt refusals to obey their lawful orders for the payment of money or delivery or transfer of property, was never exercised except in those cases where a trust in the property or fund arose between the parties litigant, or some specific interest in it was claimed, or the chattel had some peculiar value. Ex parte John Hardy, 68 Ala. 303. None of the above reasons causing a chancery court to act in contempt proceedings for non compliance with its orders are present in a decree for the payment of alimony installments. Ordinarily such payments are made out of respondent's future earnings and are non-existent at the time of the rendition of the decree. We are clear to the conclusion that Sections 329 and 330, supra, do not have operative effect in such a situation, but that contempt proceedings under such conditions are to be processed under Section 328, supra.

It is therefore our opinion that the petitioner in this case was deprived of his liberty without due process of law, and that the order of the lower court denying and overruling his petition for a writ of habeas corpus was erroneous. This cause is therefore due to be reversed and rendered, and it is so ordered.

Reversed and rendered.