231 So.2d 756

**Ex parte W. D. HUNT.**

**In re Jane Hunt HEARN**

**v.**

**W. D. HUNT.**

**5 Div. 10.**

Court of Civil Appeals of Alabama.

Feb. 18, 1970.

Russell, Raymon & Russell, Tuskegee, for petitioner.

William C. Hare, Tuskegee, for appellee.

THAGARD, Presiding Judge.

This cause comes to us by writ of certiorari originally filed in and properly granted by the Supreme Court. A divorce decree was granted to complainant (appellee here) on September 30, 1968, under the terms of which she was awarded the custody of the minor children (two in number) of the parties, with reasonable visitation rights in the respondent (appellant here), and the respondent was ordered to pay $25.00 per week through the register for the support of the minor children and also to pay all costs including the sum of $100.-00 as a fee for complainant's solicitor.

On July 28, 1969, Mrs. Hearn (formerly Mrs. Hunt) filed a petition to require Mr. Hunt to appear and show cause why he should not be adjudged in contempt for failing to pay all except $60.00 of the support money and the attorney's fee.

A hearing was set for September 4, 1969, and continued to September 9, 1969. On the day to which the hearing had been continued the attorneys for the parties informed the court that they had reached a settlement agreement and that a decree would be written for the court to sign. The court was informed that the agreement contained the following terms: (1) W. D. Hunt would pay the sum of $400.00 to the register in payment of all child support arrearage. (2) W. D. Hunt would pay all accrued court costs. (3) Out of the $400.00 to be paid to the register Jane Hunt Hearn's attorney would receive a fee of $100.00 and Jane would receive the balance. (4) And upon the payment of $400.-00 and costs W. D. Hunt would be relieved of any further child support payments, but would have the same visitation rights accorded him by the original divorce decree.

The transcript is silent as to what took place at the hearing or conference between the attorneys and the trial judge. The transcript contains no testimony, no dialogue between the attorneys and the trial judge, no offer by either party of testimony, and no offer by the trial judge to hear testimony. But petitioner says, in his brief:

"The Trial Court ruled, without notice to the parties' attorneys, that this agreement, which had been reached by the Attorneys for both parties was unconscionable, and the Trial Court, without giving W. D. Hunt an opportunity to be heard, found W. D. Hunt to be in contempt of Court, stating as grounds for such a ruling the following:

" 'Since said divorce decree of September 30, 1968, the respondent has paid absolutely nothing to the Register of this Court, neither in child support, the said attorney's fee nor the Court costs. Therefore, the respondent is in utter contempt of this Court. The Court ascertained from the Register of this Court that the respondent has made no payments of any kind since said divorce decree.' (Tr. p. 5).

"At no time before Honorable L. J. Tyner entered his decree of September 9, 1969, was W. D. Hunt granted an opportunity to show the Court that in fact he was not in contempt of Court. After disapproving of the agreement entered into by the attorneys for W. D. Hunt and Jane Hunt Hearn, and without taking any testimony, the Trial Court entered the following decree dated September 9, 1969:"

(Here, the decree was quoted from at length, but we summarize below.)

Briefly, the court by its decree held that Hunt was in contempt for failure to comply with the terms of the divorce decree,

434

refused to approve the settlement agreement of the parties, and ordered the petitioner to immediately pay arrearage in the amount of $1,250.00 plus interest and register's fees and the attorney's fee of $100.00 and all accrued costs, or in the alternative that he immediately pay all court costs and the attorney's fee and the support arrearage of $1,250.00 at the rate of $25.00 per week; and the decree further provided that if the petitioner had not complied with the decree by September 24, 1969, he would be committed to jail.

█ Since respondent (complainant below) in her brief did not dispute the allegations in petitioner's brief that the trial judge entered the contempt decree without giving notice to the parties and without giving petitioner an opportunity to show cause why he should not be adjudged in contempt, we treat the allegations as confessed and true.

So, the sole question for us to decide is whether or not the trial court erred in adjudging the petitioner in contempt and prescribing the terms by which he might purge himself of contempt, without first holding a hearing and giving all parties an opportunity to offer such testimony as they might see fit to offer.

We point out, in the first place, that there was no legal evidence before the court that petitioner was in arrears in the making of support payments. True, in his decree the trial judge said: "The Court ascertains from the Register of this Court that the respondent has made no payments of any kind since said divorce decree." Presumably, the statement by the register to the court was not sworn to, but even if it was, the petitioner was not given an opportunity to cross-examine the witness. We think the proper procedure would have been that the complainant have the register sworn as a witness and then prove by her that the support payments had not been made. Then the burden would have shifted to petitioner to show that he had made the payments or to offer some legal excuse for not having done so.

In Ex parte Stephenson, 34 Ala.App. 1, 40 So.2d 713, 715, the Court of Appeals, Harwood, J., said:

"* * * Furthermore, the affidavit on which the contempt proceedings are based must be laid before the judge or court for judicial consideration; the mere filing of the affidavit is insufficient. The judge before whom it is presented is then called upon to decide whether a rule will issue. If the affidavit is sufficient the rule issues citing the alleged contemner to appear and show cause why he should not be punished for contempt. In effect the affidavit constitutes a criminal accusation against the alleged contemner, and is in many respects analogous to the complaint before a magistrate upon which a warrant is issued. * * *"

Also (from the same decision),

"* * * If at the hearing it be shown that the failure to pay the decreed alimony installments is not from mere contumacy, but from want of means, the result of misfortune not induced by fraudulent conduct on the defendant's part, then there is no contempt. (Citations omitted.)" (40 So.2d at page 715)

The final holding in Ex parte Stephenson, supra, was:

"It is therefore our opinion that the petitioner in this case was deprived of his liberty without due process of law, and that the order of the lower court denying and overruling his petition for a writ of habeas corpus was erroneous. * * *" (40 So.2d at page 716)

On application to the Supreme Court for certiorari to the Court of Appeals the Supreme Court affirmed the judgment of the Court of Appeals, Ex parte Stephenson, 252 Ala. 316, 40 So.2d 716.

█ It is our opinion that in this case the petitioner was deprived of due process and that the court erred in rendering the decree dated September 9, 1969 and filed on September 15, 1969. However, we are

further of the opinion that the court acted within its discretion in refusing to approve the settlement agreement of the parties.

Reversed and remanded.