318 So.2d 299

**In re John L. GWIN**

**v.**

**Fannie S. GWIN.**

**Ex parte John L. Gwin.**

**Clv. 463–A.**

Court of Civil Appeals of Alabama.

Aug. 6, 1975.

Wyman O. Gilmore, Grove Hill, for petitioner.

**602**

Edward P. Turner, Jr., and S. J. Laurie, Chatom, for respondent.

BRADLEY, Judge.

The petitioner, John L. Gwin, seeks review by certiorari of a decree rendered by the Circuit Court of Clarke County on January 21, 1975. In that decree petitioner was adjudged to be in contempt for failure to comply with a previous decree wherein he was required to pay periodic alimony in the amount of $60 a week. The contempt decree ordered petitioner to pay $1,800 back alimony or be incarcerated in the county jail.

The record now before us shows that on June 6, 1974 petitioner was ordered to pay his former wife $60 per week as periodic alimony; that petitioner at the time of the rule nisi hearing, i. e., January 21, 1975, was in arrears with his payments in the amount of $1,800; and that petitioner had paid no alimony in response to the divorce decree.

The former wife testified that petitioner was still operating his dry cleaning and laundromat business, and that he still owned all of the property left to him by the divorce decree. She also stated that she did not know the financial condition of his business enterprises.

Petitioner testified that he was still operating his dry cleaning business but had closed down the laundromat and had placed it for sale.

Petitioner's bookkeeper submitted records showing that for the year 1974 petitioner's business had lost $619.18, but those records also revealed that petitioner had drawn from the business during the year cash in the amount of $2,220.00. Furthermore, those same records revealed rental income received by petitioner in the amount of $3,023.66.

Petitioner testified that he had lived off the rental income, and that he was still heavily in debt to a local bank.

In brief petitioner says that he did not pay the alimony for the reason that he was financially unable to do so, and pointed to his business records for the year 1974 which show a loss.

When the husband has the means to pay alimony but willfully and contemptuously refuses to do so, he may be compelled through the use of contempt proceedings to pay. *Ryan v. Ryan*, 267 Ala. 677, 104 So.2d 700. But, the lack of ability to pay is a complete defense. *Ex parte Stephenson*, 252 Ala. 316, 40 So.2d 716.

Petitioner contends that he is unable to pay the $1,800 back alimony and, therefore, should not be found in contempt. Yet, by his own testimony, he had rental income of $3,023.66, and by his own financial records, he drew $2,220 from his business operation during the year of 1974. We think the evidence clearly shows that the petitioner had the ability to pay the $1,800 back alimony he was deemed to owe his former wife.

Therefore, the trial court's judgment finding the petitioner in contempt should be, and is, affirmed.

Affirmed.

WRIGHT, P. J., and HOLMES, J., concur.