WRIGHT, Presiding Judge.
This case came to this court upon petition for writ of certiorari requesting review of the judgment of the Circuit Court of Mobile County, holding petitioner in contempt of court for failure to pay child support in the amount of $15 per week as previously directed by the court. The petition for our writ related that petitioner was found in direct contempt after hearing and ordered to’jail at hard labor for a period of three months. However, petitioner was given the right to purge himself from such contempt by payment to the register of the sum of $500. It was alleged that the circuit court erred in finding petitioner in contempt after being presented undisputed proof that he had not worked for ten years; that he had neither income nor assets from which to comply with the court’s prior order or to purge himself from contempt except Supplemental Security Income benefits paid to him because of total physical disability. The sum of such benefits was only $189 per month.
Petitioner states the primary issues before this court to be (a) whether income benefits paid to one because of his total disability under the provisions of U.S.C. Title 42, Sec. 1381a may be considered by the court as available funds from which to pay child support when determining whether there has been contempt of court in failing to meet court-ordered support payments; and (b) whether, considering the total of such benefits, petitioner could be found by the court to be financially able to pay the ordered support or to be financially able to purge himself from contempt as ordered by the court.
Upon examining the brief of petitioner presented to this court in support of his petition, we learned for the first time that prior to bringing this petition, petitioner or his father in his behalf, has paid to the register the sum of $500 required by the order of the court below to purge the contempt. As a result of such payment, the condition for purging the contempt has been met. By such action, the finding of contempt has been cleared and is no longer *845 in effect. The propriety of the finding of contempt is no longer at issue. The matter presented for the review of this court is therefore moot. The petition for writ of certiorari is due to be dismissed.
PETITION FOR WRIT OF CERTIORA-RI IS DISMISSED.
BRADLEY and HOLMES, JJ., concur.