WRIGHT, Presiding Judge.
This is a review by writ of certiorari of a judgment holding petitioner in civil contempt of court for failure to pay child support as ordered and confining him in jail for three months unless he purged himself by payment to the register of the sum of $500.
Upon original consideration this court 373 So.2d 844 held the issue of contempt moot because petitioner’s father had provided and paid the $500 ordered paid by the court as a condition for purging petitioner of contempt and as satisfaction of the jail sentence imposed. Petitioner obtained review by certiorari of our judgment from the Alabama Supreme Court. 373 So.2d 845. That court determined that the $500 paid was not payment of the judgment below but was merely a depositing of a cash bond for purpose of release from jail. Therefore, this court was ordered to set aside its original judgment of dismissal and to review the judgment of contempt on the merits. That is what we now proceed to do.
Petitioner was divorced from his wife in 1968. By the decree of divorce, petitioner was required to pay the sum of $15 per week as support for a child of the marriage. In 1977, the mother petitioned the court for a finding of contempt against the father for failure to pay such support. The father pleaded physical disability and financial inability to pay. A hearing was held and the father was ordered to begin paying the $15 per week or be held in contempt. He did not pay. A hearing was held on May 1, 1978. The court found him in contempt of court, committed him to jail for three months at hard labor or until he purged himself of contempt by depositing the sum of $500 cash in the office of the register.
The undisputed testimony was that the father had been determined totally and permanently disabled by the Social Security Agency and was drawing some $180 monthly as security income under United States Code, Title 42, §§ 1381-1383. His disability had occurred three years before when he had discs removed from his back and a fusion of the vertebrae performed. He had not been employed for ten years. He had remarried. His wife was unemployed and a child of that wife drew state aid for dependent children.
It is the law of this state, and our courts have stated, that lack of ability to pay alimony or support by the husband is a complete defense to a contempt proceeding for failure to pay. Gwin v. Gwin, 55 Ala.App. 601, 318 So.2d 299 (1975); Muery v. Muery, 46 Ala.App. 617, 247 So.2d 123; cert. denied, 287 Ala. 737, 247 So.2d 128 (1971); Ryan v. Ryan, 267 Ala. 677, 104 So.2d 700 (1958). Without deciding whether security income benefits paid by the social security agency under authority of federal statutes because of a total disability to earn is exempt from payment for child support, we find the petitioner was without the financial ability to pay the support ordered by the trial court. This court knows from its own common experience that a totally disabled man is hardly able to live and provide even himself with the bare necessities with an income of $180 per month. There is no evidence that petitioner’s failure to pay as ordered was from contumacy but the evidence is conclusive that he lacked the financial ability to pay.
The judgment of contempt and the order confining petitioner to jail is reversed and is set aside. The $500 deposited with the register, having been determined to be merely a bond, is ordered returned to the one who deposited it.
Though it was not raised on appeal and we have reversed the judgment on other grounds, we think it pertinent to point out an erroneous aspect of the judgment apparent on its face. That is the fact that a specific term and form of punishment was meted out. The petitioner was not incarcerated until he purged himself of contempt by paying $500, but was sentenced to three months in the county jail at hard labor unless he paid $500. If he chose not to pay $500, petitioner could have served his sentence and been released. The Supreme Court in the case of Ex parte Hill, 229 Ala. 501, 158 So. 531 (1935), said in reference to a finding of civil contempt for failure to *848 comply with the court’s order — “For a continuing failure to comply, the court can commit until there is a compliance, but not for a definite period as punishment, except within the limits fixed by law.” For a more complete discussion of distinctions between criminal and civil contempt, the purpose of each and the limitations of the court as to each, we cite Ex parte Griffith, 278 Ala. 344, 178 So.2d 169 (1965).
REVERSED AND RENDERED.
BRADLEY and HOLMES, JJ., concur.