The Circuit Court of Montgomery County found the husband in contempt of court.
The husband, as a result of the contempt, was ordered to pay a compensatory fine to the wife. In the event the husband failed to comply with the court's order, he was to be imprisoned. Put another way, the husband was to be incarcerated if he did not pay the compensatory fine.
The husband, by writ of certiorari and appeal, is before this court.
The dispositive issues on appeal are whether the evidence supports the trial court's finding of contempt and whether the compensatory fine is subject to enforcement by contempt proceedings.
On January 4, 1978, the wife petitioned the trial court to cite the husband for contempt. One of the grounds stated in the petition was the husband's failure to maintain a hospitalization insurance policy on the wife as required by the divorce decree. The wife's petition itemized medical expenses she had incurred as a result of the lapse of the policy. On March 15, 1978, after a hearing, the trial court, among other things, ordered the husband via a compensatory fine to pay to the wife a portion of the outstanding indebtedness arising from the policy lapse. The husband thereafter filed a motion for new trial. The trial court denied the motion and the husband appealed to this court.
In Smith v. Smith, Ala.Civ.App., 365 So.2d 88 (1978), this appeal's predecessor, we reversed and remanded the trial court's denial of a new trial because it was not clear from the decree that the court actually found the husband to be in contempt. That is, nowhere in the decree did the trial court state that the husband was in contempt. We held that a finding of contempt is a prerequisite to the assessment of a compensatory fine.
On remand from this court, the trial court determined that the husband was in contempt. In an ancillary proceeding the sum of $2,605.40 was assessed against the husband for the husband's contempt. This proceeding was apparently conducted pursuant toLightsey v. Kensington Mortgage Finance Corp., 294 Ala. 281,315 So.2d 431 (1975). Lightsey indicates that in appropriate circumstances, a jury is to be impaneled to hear the evidence and determine whether damages should be imposed as a result of one's contempt. We note at this point that neither party takes issue with the manner or form of the ancillary proceeding. In view of this we make no determination of the propriety of the proceeding had in the instant case.
Through able counsel, the husband contends that the trial court erred in its determination that the husband was in contempt of court because there was no willful or contumacious refusal to comply with the provisions of the divorce decree.
At the outset, we note that the scope of review in contempt cases on certiorari is limited to questions of law. Questions of fact or the weight or sufficiency of the evidence will not be reviewed and if there is any legal evidence to support the decision of the lower court, such is conclusive on the reviewing court. Lovelady v. Lovelady, 281 Ala. 642,206 So.2d 886 (1968); Schotz v. Oliver, Ala.Civ.App., 361 So.2d 605
(1978).
A review of the record reveals the following:
The parties were divorced in 1973. The divorce decree incorporated an agreement *Page 899 
of the parties which contained a provision requiring the husband to provide for the wife "adequate hospitalization insurance" coverage. The husband was required to "pay the premiums thereon."
The husband complied with the terms of the decree for approximately two years after which the policy lapsed.
The application for insurance provided that the husband was to be billed for the premiums but the insurer routinely mailed the premium notices to the wife. The wife testified that she forwarded all of the premium notices she received to the husband for payment. The husband testified that the last payment he made was in June, 1976. He further testified that he did not pay the premium in September, 1976, because the policy had already lapsed when he received the premium notice.
We do not deem it necessary or prudent to set out in detail testimony or arguments in brief as to who was at fault in allowing the policy to lapse. Suffice it to say there is evidence to support the finding of contempt by the trial court as the decree placed an affirmative duty on the husband to maintain the required policy and he failed to so maintain.
Next, the husband contends that the trial court erred in ordering imprisonment for a failure to pay the aforementioned compensatory fine. The trial court's order stated:
 Should the said monies not be paid to the Court within ten days from the date of this Decree, any law enforcement officer in the State of Alabama is hereby ORDERED to take custody of Harold Wayne Smith and transport him to the Montgomery County Jail. . . .
The husband's argument in this regard is based upon Alabama Constitution of 1901, art. 1, § 20. This section simply states that "no person shall be imprisoned for debt."
Under this provision, a defendant may not be imprisoned for alleged contempt in failing to pay a judgment for money. Exparte Parker, Ala.Civ.App., 334 So.2d 911 (1976). Additionally, alimony is not a debt within the meaning of this section.Thompson v. Thompson, 282 Ala. 248, 210 So.2d 808 (1968).
In this instance, as indicated above, after the husband was found in contempt a jury determined the amount of the compensatory fine. Justice Merrill points out in Lightsey,supra, that there is no statute or court decision in this jurisdiction which authorizes a circuit court to impose a fine as indemnity or as compensatory damages to the adverse party in a civil action. Further, the question of the amount of unliquidated damages must be determined in an ancillary proceeding apart from the contempt proceeding and parties are entitled to a jury and review by appeal rather than by writ of certiorari.
Clearly, in this instance, the $2,605.40 award resulted from an action for damages. Lightsey, supra. Thus, the compensatory fine awarded must be treated as any other jury award. That is to say that the compensatory fine created a debt within the ambit of § 20, and is not subject to enforcement by contempt proceedings.
Therefore, the portion of the trial court's decree regarding incarceration upon failure to pay the compensatory fine is of no effect.
In view of the above, other issues raised by the husband need not be discussed.
The case is affirmed in part and reversed in part and remanded for entry of a judgment not inconsistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED FOR ENTRY OF A JUDGMENT NOT INCONSISTENT WITH THIS OPINION.
WRIGHT, P.J., and BRADLEY, J., concur. *Page 900