This is a divorce case.
The wife appeals from an order of the trial court granting the husband's petition for modification of a decree of divorce. We affirm.
The dispositive issues are:
(1) Did the trial court err in modifying the divorce decree when the husband was in *Page 239 
arrears in the payment of periodic alimony and child support?
(2) Is there evidence to support the trial court's modification of the divorce decree?
(3) Is there evidence to support the trial court's action in finding that the husband was not in contempt for his failure to make alimony and child support payments?
The parties were divorced in 1971. The wife commenced the instant action by filing a petition for rule nisi against the husband alleging nonpayment of alimony and child support. The husband cross petitioned for modification of the divorce decree seeking a reduction in alimony and child support payments.
Following a hearing ore tenus, the trial court found the husband to be in arrears in the payment of alimony and child support. The trial court further found the husband unable to pay the arrearage and for that reason the husband was not found in contempt. The trial court then ordered a reduction in future child support payments from $250 per month per child to $150 per month per child.
The record, viewed with the attendant presumptions, additionally reveals the following:
The parties have three children. Two of the children live with the wife and one with the husband. In addition to paying child support in the amount of $500 for the two children who live with the wife, the husband pays $325 as periodic alimony.
The record discloses that since 1978 the husband has experienced a decrease in annual income. In 1978, his income was $77,385; in 1979, his income was $19,000; and in 1980, prior to trial, the husband's income was approximately $13,000. The husband attributes this decrease in income to the failure of his real estate development business.
The record also reveals the following: The husband is deeply in debt; he has assigned all income from his present employer to a creditor as security for a debt; he had to borrow money in February, 1980, to pay an arrearage in alimony and child support payments existing at that time; and he had to borrow money to pay loan installments that were due at the time of trial.
As indicated above, the stated evidence is that testimony which supports the trial court's action. This court is aware that there is evidence and reasonable inferences to support other conclusions. However, the appellate court must indulge all reasonable presumptions in favor of the trial court's findings, and this court cannot substitute its judgment for that of the trial judge on the effect of conflicting evidence.Great American Ins. Co. v. Railroad Furniture Salvage ofMobile, 276 Ala. 394, 162 So.2d 488 (1964); 2A Ala. Digest,Appeal Error Key 931 (1).
 I
The wife through able counsel contends the trial court erred in modifying the divorce decree after having found the husband to be in arrears in the payment of alimony and child support.
After noting the modification before us only applies to future child support payments, we find no error. The trial court, upon finding a material change in circumstances, may modify a divorce decree to reduce the amount of future child support payments. Whitt v. Whitt, 276 Ala. 685, 166 So.2d 413
(1964). This may be done even though the party seeking modification is in arrears for past payments. Sellers v.Sellers, 50 Ala. App. 158, 277 So.2d 616 (1973); Brumlow v.Brumlow, 282 Ala. 170, 209 So.2d 849 (1968).
 II
The well established rule on appeal from a decree of a trial court rendered upon a hearing of the evidence ore tenus is that such a decree is presumed correct and will be set aside only if it is unsupported by any credible evidence and is plainly wrong. Goodman v. Goodman, Ala.Civ.App., 366 So.2d 281 (1979);Edwards v. Edwards, Ala.Civ.App., 333 So.2d 597 (1976); 8 Ala. Digest, Divorce Key 184 (4). *Page 240 
In the instant case, the husband testified as to his income for the years 1978, 1979, and 1980. In addition to this, the husband's tax returns for the years 1978 and 1979 were admitted into evidence along with a statement from the husband's employer showing the husband's current earnings. We find there is ample evidence to support the trial court's finding of a material change in circumstances warranting a modification of the divorce decree. See, Sellers v. Sellers, supra.
 III
The final issue presented for review is whether there is evidence to support the trial court's action in finding that the husband was not in contempt for failure to pay alimony and child support.
Inability to pay is a complete defense to contempt proceedings to compel payment of decreed alimony and child support. Parmer v. Parmer, Ala.Civ.App., 373 So.2d 846 (1979);Gwin v. Gwin, 55 Ala. App. 601, 318 So.2d 299 (1975). As indicated above, the trial court found the husband unable to pay the arrearage. It is sufficient to say the facts set forth above, particularly the assignment of his income, and his need to borrow money to pay his debts, support the trial court's finding of inability to pay. We cannot say the trial court erred in this respect. Goodman v. Goodman, supra.
For the reasons stated above, this case is due to be affirmed.
The wife's request for an award of attorney's fees for this appeal is denied.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.