The Circuit Court of Mobile County found the husband to be in contempt for failure to comply with the provisions of the divorce decree. The husband appeals to this court *Page 941 
The husband and wife were divorced on March 30, 1980, and the decree ordered the husband to (1) pay $40 a week as child support; (2) make the first and second mortgage payments on the homeplace for twelve months or until the wife was able to return to work; and (3) pay all debts incurred by the parties during the marriage
Seeking relief from the mortgage payments, the husband filed a motion to modify and clarify the decree on June 24, 1980. The motion was denied. Subsequently, the wife filed a petition for rule nisi averring that the husband was in arrears in child support payments and in arrears to such an extent in the mortgage payments that the wife had been notified of pending foreclosure proceedings and was in jeopardy of losing the homeplace
By order of November 17, 1980, the court found the husband to be in contempt but suspended a thirty-day sentence to the Mobile County Jail on condition that the husband purge himself of the contempt by obeying all orders of the court
By affidavit filed December 8, 1980, the husband stated his desire and intention to comply with all orders of the court when he had the financial ability to do so. He averred, however, that he did not have the financial means to comply with the court's order. The court issued an order for his arrest, but on February 2, 1981, issued an order giving the husband an additional 30 days to comply with previous orders On March 4, 1981, the husband filed a motion to stay the order of February 2, 1981, again alleging his inability to pay the amounts ordered. On March 10, 1981, the court again ordered the husband to jail until he purged himself of contempt. On the same day the court stayed the order conditioned on the filing of a $10,500 supersedeas bond on or before March 12, 1981. The husband's failure to do so resulted in the issuance of a writ for his arrest on March 13, 1981
The issue on appeal is whether the trial court erred in holding the husband in contempt
Although the appropriate method of review of a contempt order is by way of an extraordinary writ, Fillingim v. Fillingim,388 So.2d 1010 (Ala.Civ.App. 1980), this court will treat the husband's appeal as a petition for certiorari and consider his arguments accordingly. Wilson v. Freeman, 376 So.2d 1096
(Ala.Civ.App.), cert. denied, 376 So.2d 1099 (Ala. 1979);Reeder v. Reeder, 356 So.2d 202 (Ala.Civ.App. 1978)
The power to punish for contempt is inherent in all courts of record at common law including courts of equity. Ex parteStephenson, 34 Ala. App. 1, 40 So.2d 713 (1947), aff'd, 252 Ala. 316, 40 So.2d 716 (1949); Ex parte Dickens, 162 Ala. 272,50 So. 218 (1909). This power cannot be taken away or abridged as it is essential to the due administration of justice. Robertsonv. State, 20 Ala. App. 514, 104 So. 561 (1924). In Ex parteStephenson, supra, the court held such power exists additionally by virtue of statute.[1]
Attachment for contempt has been a common method of enforcing orders or decrees for alimony and when the husband has the means to comply but willfully and contemptuously refuses to do so, no good reason exists why he may not be compelled to do so by attachment. Ryan v. Ryan, 267 Ala. 677, 104 So.2d 700
(1958); Webb v. Webb, 140 Ala. 262, 37 So. 96 (1904); Gwin vGwin, 55 Ala. App. 601, 318 So.2d 299 (1975). It has been held that the duty of the husband to provide maintenance for his wife is much more binding than a mere contractual obligation and the duty is not only to her, but also to the public lest she become a charge upon it. Murray v. Murray, 84 Ala. 363,4 So. 239 (1888). The object of the contempt proceeding, however, is not to punish the husband but to coerce him to pay the alimony as decreed by the court. It is founded on the unwillingness of the party to obey and there must be something wrong beyond the mere failure to pay. Robertson v. State,supra. *Page 942 
Counsel for both parties place some emphasis on Section 20 of the Alabama Constitution which provides that "no person shall be imprisoned for debt." This section means only that judgments for money are not enforceable by contempt proceedings. Smith vSmith, 380 So.2d 897 (Ala.Civ.App. 1980). That alimony is not a debt within the meaning of Section 20 is well settled. Smith vSmith, supra; Ex parte Stephenson, supra; Murray v. Murray,supra. It is the element of sustenance and support which excludes alimony from the meaning of the word "debt." Thompsonv. Thompson, 282 Ala. 248, 210 So.2d 808 (1968); Ex parteParker, 334 So.2d 911 (Ala.Civ.App. 1976). This principle, however, answers only the threshold question whether contempt is an available tool to coerce payment of alimony
In the case before us, if the husband's duty to make the mortgage payments is construed as a debt, then imprisonment for contempt cannot be used to coerce payment. If this duty is characterized as alimony, then the court is permitted in the first instance to consider the use of its contempt power to coerce payment. Because of the contingent nature of the payments, we hold them to be in the nature of alimony. McGuginv. McGugin, 357 So.2d 347 (Ala.Civ.App. 1978). Such a finding merely makes Section 20 of the constitution inapplicable
The inherent power of courts to enforce decrees through contempt proceedings is essential to the due administration of justice. It ought never be resorted to, however, except when founded on the unwillingness of the party to obey, since it is only the contempt, the disobedience, upon which the power rests. Robertson v. State, supra. If at the contempt hearing it is shown that the failure to pay the decreed alimony installments is not from mere contumacy, but from want of means, then there is no contempt. Ex parte Stephenson, supra;Webb v. Webb, supra. It is the law of this state as enunciated by our courts, that lack of ability to pay alimony or support is a complete defense to a contempt proceeding for failure to pay. Gorman v. Gorman, 392 So.2d 238 (Ala.Civ.App. 1980);Pritchett v. State, 379 So.2d 616 (Ala.Civ.App. 1980); Parmerv. Parmer, 373 So.2d 846 (Ala.Civ.App. 1979)
The scope of review in contempt cases is limited to questions of law and does not extend to the weight and sufficiency of the evidence but only to the question whether any evidence supports the trial court's decree. Wilson v. Freeman, supra; Brady vBrady, 358 So.2d 744 (Ala.Civ.App.), cert. denied,358 So.2d 748 (Ala. 1978); Hardy v. Hardy, 46 Ala. App. 249, 240 So.2d 598
(1970). When the accused, however, puts forth evidence of his inability to pay, the burden of proof is on the complainant to prove he can pay beyond a reasonable doubt. Sewell v. Butler,375 So.2d 800 (Ala.Civ.App. 1979); Ex parte Gunnels,25 Ala. App. 577, 151 So. 605 (1933)
In the case before us, the husband has offered proof of his inability to pay and thus it was incumbent upon the wife to prove that he did possess the means to comply with the court's order. This she failed to do. Consistent with our limited scope of review, we find no evidence to support the trial court's order of contempt, as there is nothing in the record to prove that the husband's failure to pay was founded upon anything other than his financial inability to do so
We therefore find the trial court's judgment holding the husband to be in contempt is in error and due to be reversed
The wife's request that she be awarded an attorney's fee on appeal is denied
REVERSED AND REMANDED
BRADLEY and HOLMES, JJ., concur
[1] The court held that contempt proceedings for delinquency in payment of alimony are to be processed under Tit. 7, § 328, Code (1940) providing for enforcement of decrees by attachment This section has been effectively superseded by Rule 70, A.R.C.P. *Page 943