The Circuit Court of Monroe County found appellant-husband to be in contempt for failure to comply with the provisions of the divorce decree. The husband by writ of certiorari appeals to this court and we affirm.
The husband and wife were divorced on September 3, 1980. At that time an agreement was incorporated into the decree which stipulated that the husband would convey the home to the wife and make payments on the second mortgage on the home; that he would pay $600 per month in support and alimony plus $200 a month for each of the two then minor children.
The husband has made the alimony and support payments, but ceased making the mortgage payments. As a result, foreclosure proceedings were held on March 3, 1981, and the wife was informed it will require $40,100 to redeem the house from foreclosure.
The wife via contempt proceedings sought an order requiring the husband to pay the obligation or otherwise make arrangements to "save" the house.
After an ore tenus hearing, the trial court held the divorce decree's provision that the husband pay the second mortgage was "related to and was part of a provision for the sustenance, maintenance and support of the wife," and that the husband was in contempt for his failure to make adequate mortgage payments in accordance with the divorce decree. The order further provided that the husband could purge himself of contempt by paying $300 a month to the wife to be applied toward redeeming the home from foreclosure.
The husband appeals, contending the trial court's finding of contempt for his nonpayment on the mortgage according to the terms of the decree was error. Specifically, the husband contends he does not have the means to pay the required $300.
The dispositive issue on appeal is whether there was any evidence to support the trial court's determination that the husband had the means to make the required payment. We find there was such evidence and affirm.
We note at the onset that the court's contempt power is a common method of enforcing decrees for alimony and support. E.g.,Thomas v. Thomas, 406 So.2d 939 (Ala.Civ.App.), cert. denied,406 So.2d 943 (Ala. 1981). And the scope of review in contempt cases does not extend to the weight and sufficiency of the evidence but only to the question of whether any evidence supports the trial court's decree. Thomas v. Thomas, supra.
As a threshold matter, the husband through able counsel argues that payment of the mortgage was payment on a debt, not payment for the maintenance and support of his ex-wife and children. He relies on Thompson v. Thompson, 282 Ala. 248, 210 So.2d 808
(1968), to support his contention that he cannot be held in contempt for failure to pay a "debt" as opposed to "alimony" *Page 281 
since section 20 of the Alabama Constitution provides "no person shall be imprisoned for debt." In Thompson v. Thompson, supra, at 814, the supreme court held that the husband could not be held in contempt for his failure to comply with the divorce decree when payments were "solely to the payment of a debt as distinguished from payment for sustenance or support of his former wife." But the "debt" in the Thompson case was the wife's personal obligation incurred from a joint business venture and the payments were not made for necessities. Thompson v.Thompson, supra. The debt at issue in Thompson was clearly a business debt, and not domestic in nature.
In the instant case, the payment at issue is not a business debt, but more in the order of "sustenance and support." SeeThompson v. Thompson, supra.
More on point is this court's holding in Thomas v. Thomas,supra. In Thomas, the husband was held in contempt when his failure to make the mortgage payments in accordance with the divorce decree led to pending foreclosure proceedings. InThomas, we held the mortgage payments on the wife's residence were "in the nature of alimony," not "debt." Therefore, the court was permitted to use its contempt power to coerce payment. Thomas v. Thomas, supra. Put another way, there is evidence to support the trial court's conclusion in the instant case that the mortgage payments were for support of the wife and home, and therefore no error.
As indicated, the primary issue on this appeal is whether there is any evidence to support the trial court's finding of contempt. As previously stated, the scope of review in contempt cases is limited to questions of law and does not extend to the weight and sufficiency of the evidence but only to the question of whether there is any evidence to support the trial court's decree. Thomas v. Thomas, supra.
On the question of ability to pay, inability to comply, "ifproven to the court's satisfaction, will avoid a finding of contempt." (Emphasis supplied.) Cooper v. Cooper, 401 So.2d 99,101 (Ala.Civ.App. 1981).
In the instant case, appellant has a gross income of $4,000 a month with a take-home income of $2,553. He is currently making alimony payments in the amount of $600 a month, plus $200 a month in child support payments (one child having reached majority). The trial court has ordered him to pay $300 a month to purge himself of the contempt. Such monthly payments of $1,100 still leave the husband a disposable monthly income of $1,453, thereby providing the husband with the ability to pay.
This court acknowledges the husband's indebtedness to the bank of in excess of $90,000. But appellant was making no payment on this debt at the time of trial because, by his own testimony, "it would be a futile effort." We also acknowledge the appellant owes between $35,000 and $40,000 in back taxes. But at the time of the trial, the exact amount of that debt was undetermined, and no plans or provisions to pay it were presented at trial.
In view of the above, the trial court may have concluded that the husband had the means at this time to purge himself of the finding of contempt. Stated differently, the trial court could have properly determined that the aforesaid debts did not affect the husband's ability to make the necessary payments to the wife. This is so because, by his own admission, he was not paying anything on these debts.
In view of the above, the case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur. *Page 282