WRIGHT, Presiding Judge.
This is an appeal from a final order of the circuit court awarding judgment for Ethel Jeanette Thomas, wife, against William Larry Thomas, husband.
This case has been before this court on another occasion relating to the incarceration of the husband for contempt for failure to meet the mortgage payments as ordered in the divorce judgment. Thomas v. Thomas, 406 So.2d 939 (Ala.Civ.App.), cert. denied, 406 So.2d 943 (Ala.1981). This court reversed the order of contempt and incarceration therefor, holding that the husband had shown financial inability to comply with the orders of the court and to purge himself of contempt.
The matter presently before us is another judgment entered by the court after oral hearing. There was first filed by the wife a motion for Rule Nisi, alleging again a failure to pay the mortgage payments ordered by the court. It was further alleged that because of such failure there had been a notice of foreclosure and threatened eviction of the wife and child from the home. This motion was filed within a short time of the final judgment by this court on appeal.
The husband responsively filed motion for modification of the previous child support and mortgage payment order averring inability to pay though stating therein that he was employed, earning $1,400 per month. Husband also filed a motion for Rule Nisi alleging that the wife refused to allow visitation rights granted him. He filed another motion for injunctive relief, claiming a continuation of harassment by the wife after his appeal to this court.
After oral hearing the court entered judgment awarding judgment against the husband and in favor of the wife in the amount of $7,000, payable $100 per month beginning June 1, 1982. Judgment also awarded $550 and $1100 for debts which were due or had been paid by the wife. There was also judgment for a $300 attorney fee for wife. The judgment stated that the $7,000 amount represented defendant’s equity in the home at the time it was foreclosed because of the failure of the husband to meet the mortgage payments as ordered.
The husband states two issues for our review. The first is that the court abused its discretion in entering judgment against him for $7,000 and ordering said judgment paid at the rate of $100 per month. We must hold that the trial court not only abused its discretion in rendering *845 its judgment, but that its judgment for damages because of the failure of the husband to comply with its order is without authority. The court could have determined the total sum of the payments ordered paid for one year and rendered judgment therefor. It could have required that sum be paid at the rate of $100 per month. However, to render damages for the failure to pay as ordered was improper and must be reversed. We know of no authority of the court in a divorce case to render money judgments, except in the division of property and in awarding alimony, attorney fees and child support under authority of statute. §§ 30-2-51, -52.
Let this court hasten to say that it has no sympathy nor patience with a party who contumaciously fails to do as ordered by a court, particularly when it is an order to pay child support or alimony. There was presented evidence in the most recent hearing that would have supported the finding of contempt had it been presented in the first case brought to us. We pointed out that there was not then evidence presented to prove that the husband had the means to comply with the order of the court. For that lack of evidence, we set aside the finding of contempt. It has now been shown at the last hearing that the husband is regularly working and earning at least $1400 per month. He has been paying, as required, $40 per week as child support, but he has paid nothing on the accumulated alimony. We reiterate the term “alimony” because we determined in the original appeal that the required mortgage payments for a period of one year, or until the wife was able to return to work, was in fact alimony. Thomas v. Thomas, 406 So.2d at 942. Therefore, we find no abuse of discretion in the order requiring accumulated alimony to be paid at the rate of $100 per month. However, we determine the finding of $7,000 due and judgment entered therefor as improper and direct it to be set aside. We further direct the determination of the number and amount of mortgage payments due from the date of the divorce decree for a period of twelve months or until the wife returned to work, as ordered in the decree. Judgment should be entered accordingly. Should the court then decide to require monthly payments of that sum, it may do so within its discretion.
The second issue presented is error in the failure of the court to render judgment on the husband’s motion for credit for child- support during the period when he fled the state to avoid service of or arrest under a Rule Nisi and failure to enjoin the wife from moving for future Rules Nisi.
The court finds no merit in the issues nor the argument in support thereof.
The decree is affirmed in all parts other than as set out above.
AFFIRMED IN PART; REVERSED IN PART WITH DIRECTION.
BRADLEY and HOLMES, JJ., concur.