This is a domestic relations case.
The trial court modified the divorce decree with respect to alimony due to the wife from the husband. The husband appeals and the wife cross appeals. We affirm.
The husband and wife were divorced in 1978. In May 1982 they both agreed to modify the original divorce decree and the court then adopted the agreement. In October 1985 the wife filed a contempt citation against the husband for failure to pay the required alimony. The husband then filed a counterpetition for modification of the 1982 decree. In essence, he argued that this provision was periodic alimony and was therefore subject to modification. The trial court found that the provision was for periodic alimony and that continued payments as previously ordered would create a financial hardship on the husband, and, therefore, modified the 1982 court decree. The trial court did not find that the husband was in contempt.
The husband argues that the trial court erred in not terminating the required alimony payments. The wife also says that the trial court erred in modifying the award to her by suspending the alimony payments to allow husband to correct his financial difficulty. We disagree with both contentions.
The trial court held that based upon the husband's present financial situation the alimony award would be suspended until January 1, 1988. The court further held that the $2,000 arrearage would be paid in monthly installments of $100 beginning March 1, 1986 and continuing until paid in full. Modification of a prior decree for support and alimony is largely a matter within the discretion of the trial court.Jeffcoat v. Jeffcoat, 423 So.2d 888 (Ala.Civ.App. 1982). The trial court heard the evidence presented in this case and its findings are presumed correct and will not be disturbed on appeal unless plainly and palpably wrong. May v. May,441 So.2d 945 (Ala.Civ.App. 1983). There is ample evidence in the record to support the trial court's conclusion that the husband was in serious financial difficulty. Therefore, the aspect of the decree modifying the alimony award is affirmed.
The wife's next contention is that the 1982 decree awarded her alimony in gross and that the trial court erred by modifying such award. The husband says this contention was not raised in the trial court and, therefore, cannot be raised and argued in this court for the first time.
Although the 1982 decree appears to have awarded alimony in gross to the wife, we are precluded from making such a determination because this issue, i.e. whether the 1982 decree awarded alimony in gross, was not presented to the trial court for resolution, and the rule is well settled that issues not raised in the trial court cannot be considered for the first time on appeal. Austin v. Burnett, 473 So.2d 1080 (Ala.Civ.App. 1985). We note that both parties treated the 1982 award as a periodic alimony award.
The wife also argues that the trial court had no authority to allow the husband to pay the $2,000 arrearage in $100 monthly installments. Although the wife is not precluded from attempting to collect the $2,000 in past-due alimony payments by levy and execution or garnishment, the trial court has the authority to allow the *Page 503 
husband to pay past-due alimony payments in some periodic amount, i.e. $100 per month, until the arrearage is paid.Thomas v. Thomas, 426 So.2d 843 (Ala.Civ.App. 1983). In view of the husband's financial difficulties, we cannot say that the trial court abused its discretion in allowing accumulated alimony to be paid to the wife at the rate of $100 per month until paid.
The wife next says that the trial court erred in not finding the husband in contempt. However, the law is clear that one is not in contempt if it appears that failure to pay is due to inability to perform. Reddish v. Reddish, 455 So.2d 891
(Ala.Civ.App. 1984). Also, our scope of review in contempt cases is restricted to questions of law, and, if there is any legal evidence to support the trial court's findings, we must affirm. Hawkins v. Hawkins, 470 So.2d 1283 (Ala.Civ.App. 1985). Here, the trial court did find, and the evidence supports such finding, that the husband was unable to pay the wife due to lack of funds. No error here.
The wife's final contention is that the trial court erred in not awarding her an attorney's fee. Under section 30-2-54, Code 1975, an attorney's fee may be awarded in actions to recover alimony payments where a contempt of court citation has been made by the court. Since the trial court did not find the husband to be in contempt, no attorney's fee could be awarded for this aspect of the case. However, an attorney's fee could have been awarded to the wife for defending husband's counterclaim. Bell v. Bell, 443 So.2d 1258 (Ala.Civ.App. 1983). The power to award an attorney's fee in those instances not precluded to the court is discretionary with the trial court.Golson v. Golson, 471 So.2d 426 (Ala.Civ.App. 1985). A decision to award or not to award an attorney fee in those instances where the court is authorized to make such a decision will not be set aside absent an abuse of that discretion. Dowdy v.Dowdy, 473 So.2d 1091 (Ala.Civ.App. 1985).
In the case at bar the evidence does not disclose any abuse of discretion by the court's refusal to award an attorney fee. The record discloses that the husband was in dire financial straits while the wife had savings sufficient to cover her attorney's fee. Therefore, there was no error here.
The wife's request for an attorney's fee on appeal is denied.
The trial court's decree is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.