THIGPEN, Judge.
This is a post-divorce case.
The parties were divorced in Virginia in June 1993, and apparently, at the time of the divorce, the minor child and the mother lived in Virginia, and the father lived in Alabama. An agreement of the parties was “ratified and incorporated, but not merged” into the Virginia divorce judgment. That agreement provided for the father and the mother to have joint custody of the child and specified that the father would have physical custody of the child during the summer months and that the child would live with the mother during the school year. It also provided that the father would pay $300 per month as child support, except for the summer months when the child was in the father’s custody. The agreement also provided that the father would maintain health insurance coverage on the child, and that both parties would share equal responsibility for the child’s medical expenses that were not covered by insurance.
On November 5, 1993, the father filed a complaint in Jefferson County, Alabama, seeking to modify the Virginia divorce judgment by changing custody. The mother answered, filed a .-counter claim, and filed a petition for a rule nisi. Following a hearing, the trial court issued an order which, inter alia, found that the father owed past due child support in the amount of $2,305;[1] that the father owed the mother $573.91 for medical expenses incurred on behalf of the child;[2] and that, pursuant to the guidelines of Rule 32, Ala.R.Jud.Admin., the father’s child support obligation should be increased to $362.71 monthly. Additionally, the trial court issued a withholding order to the father’s employer. Following the denial of the father’s post-judgment motion, he appealed.
The father raises two issues: 1) whether the trial court was plainly and palpably wrong when it calculated his child support arrearage, by failing to follow the provision concerning the elimination of the father’s child support obligation during the summer months; and 2) whether the trial court abused its discretion by ordering the father’s employer to withhold wages in an amount which disregarded the terms of that provision.
“Pursuant to the full faith and credit clause of the United States Constitution, Alabama courts are generally required to give a foreign judgment at least the res judicata effect which would be accorded in the state which rendered it. Alston Electric Supply Co. v. Alabama Electrical Wholesalers, Inc., 586 So.2d 10 (Ala. Civ.App.1991)....
“The Uniform Enforcement of Foreign. Judgments Act defines ‘foreign judgment’ as ‘any judgment, decree, or order of a court of the United States or of any other court which is entitled to full faith and credit in this state.’ Ala.Code 1975, § 6-9-231.”
Feore v. Feore, 627 So.2d 411, 413 (Ala.Civ.App.1993).
The trial court is obligated to give effect to the terms of an agreement if the Virginia divorce judgment incorporated the terms of the agreement. Virginia law allows a trial court to incorporate a settlement agreement into the divorce judgment, and an examination of the Virginia divorce judgment and the parties’ agreement in this case reveals that the divorce judgment incorporated the agreement. See Va.Code Ann. (1950), § 20-109.1; See also, Fry v. Schwarting, 4 Va.App. 173, 355 S.E.2d 342 (1987). Moreover, although the language incorporating the agreement appears confusing because of the addition of the language “not merged,” we note that the mother, in her brief, agrees with the father and concedes that the terms *349 of the agreement were incorporated into the divorce judgment, and, therefore, that pursuant to that agreement, the father would not owe child support during the summer months when the child was in his custody. See Ex parte Hunt, 45 Ala.App. 432, 231 So.2d 756 (Ala.Civ.App.1970) (uncontested allegations in appellant’s brief taken as confessed and true). The mother further concedes that the trial court erred by finding that the father owed $2,305 in past due child support because the trial court’s arrearage was obviously calculated without honoring that provision of the Virginia divorce judgment regarding the child support obligation for the summer months. Regardless of these concessions, the mother claims that the father owes a child support arrearage of $600.
Because the trial court failed to give full faith and credit to the Virginia divorce judgment, by failing to recognize certain terms of that Virginia judgment, we must reverse its judgment. On remand, the trial court should consider the specific terms of the Virginia divorce judgment, and it may conduct additional hearings, if it deems them necessary, to determine the correct amount of arrear-age. Furthermore, because the amount of the income withholding order is in error, that order must be amended to reflect the proper amount by indicating that child support payments are not owed during the summer months. The trial court should credit the father with any payments wrongfully withheld from his wages pursuant to the incorrect withholding order; however, this credit may be applied toward the arrearage or toward the child support obligation.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.

. The parties agree on appeal that this amount includes child support payments that would not have been due if the trial court had recognized certain provisions incorporated into the Virginia divorce judgment.

. The father asserts in his brief that the trial court, in an apparent inconsistency, did not recognize that part of the judgment eliminating his child support obligation during the summer months, but specifically recognized that part of the judgment requiring the parents to share the medical expenses.